1 | Virgil K. Stimer
2 | General Delivery
   | Tucson Arizona,
3 | 85726
   | 520-260-4721



4

5

6 | IN THE UNTIED STATES DISTRICT COURT

7 | FOR THE DISTRICT OF ARIZONA

8

9 | Virgil K. Stimer        )
                            )
10 |      Plaintiff,        )   **CIV11-557  TUC FRZ**
                            )
11 | vs.                    )
                            )
12 | Santander Consumer USA INC )   COMPLAINT
                            )
13 |      Defendant.        )   Jury Trial
   | _____)

14

15

16 | **JURISDICTION**

17 | The plaintiff is citizen of the State of Arizona.  The

18 | defendant is a corporation incorporated under the laws of the

19 | State of Texas with its principal place of business in the

20 | State of Texas.  Under 15 U.S.C. § 1692k.(d), this action may

22 | be brought in any appropriate United States district court

23 | without regard to the amount in controversy. This Court has

24 | jurisdiction.

25 | **COMPLAINT**

26

27 | This action is for money damages as the result of

28 | violations by defendant of the Fair Debt Collections Practices

1

Act, Title 15 U.S.C.

<center>GENERAL FACTUAL ALLEGATIONS</center>

Defendant in this action is a third-party debt collector.

Sometime in the month of April of 2011, defendant sent plaintiff a debt collection letter. (see exhibit P-A)

On April 23rd, 2011, the said letter arrived at the main United States Post Office, General Delivery in Tucson Arizona. (see exhibit P-B, and also refer to page 4 para. 14 and 17 of complaint for further explanation and clarification of arrival date of mail sent to General Delivery)

The said letter was picked up by Plaintiff at the said post office on May 6th, 2011. (witness is willing to testify to this allegation)

The defendant communicated in the said letter that it was an attempt to collect debt. (see exhibit P-A, pg.2)

The defendant communicated in the said letter that plaintiff had 30 days to dispute the validity of the alleged debt. (see exhibit P-A, pg.2)

The defendant communicated in the said letter that upon plaintiff's demand for validation of the alleged debt, defendant was required by law to cease collection activity until defendant mailed information requested by plaintiff. (see exhibit P-A, pg.2)

<center>2</center>

On May 20th, 2011 plaintiff sent a demand with specific requests for defendant to validate the alleged debt. (see exhibit P-C)

Plaintiff gave defendant thirty days to respond to the demand to validate the alleged debt. (see exhibit P-C)

Defendant did not respond within the thirty days.

Plaintiff notified defendant of its' lack of response and gave defendant ten more days to respond. (see exhibit P-D)

The ten day period did pass without any response from defendant. (see exhibit P-E)

Defendant did not respond to plaintiff's demand for validation of the alleged debt until August 8th, 2011, (see exhibit P-F)

Defendant failed in validating the alleged debt by not providing any of the information requested by Plaintiff in Plaintiff's demand for validation of the alleged debt. (see exhibits P-C and P-F)

Defendant has agreed that any attempt to take possession of Plaintiff's property without first validating the alleged debt as Plaintiff stipulated in the Validation Notice for Claim of Debt are crimes under 18 U.S.C. (see exhibit P-C, pg. 2)

Defendant has agreed to accept all liability for any amount damages plaintiff suffered as the result of defendant's

3

1   attempt to take possession of plaintiff's property, (see

2   exhibit P-C, pg. 2)

3                    COUNT ONE, UNFAIR PRACTICES

4       Plaintiff realleges and restates the foregoing

5   jurisdictional statements and general factual allegations.

6

7       The defendant attempted to defraud plaintiff of the full

8   thirty-day period allowed by 15 U.S.C. §1692g(b) for plaintiff

9   to demand validation of the alleged debt, by defendant dating

10  the initial communication debt collection two weeks before its'

11  actual arrival date through the United States Postal Service.

12

13      The type of envelope and postage defendant used for its'

14  initial communication to plaintiff and for billing has postage

15  without any stamped posting date affixed to the postage. (see

16  exhibits P-B, P-H and P-I)

17

18      Under ordinary circumstances, recipients of defendant's

19  initial communication debt collection letter would have no way

20  to prove, by defendant's envelope, what day the said letter was

21  mailed.

22      Plaintiff does not receive mail under ordinary

23  circumstances.

24      Plaintiff receives mail through General Delivery in Tucson

25

26  Arizona.

27

28
                                    4

According to the Postal Operations Manual, section 843.2, mail sent to General Delivery is to be held for 30 days. (see exhibit P-G pg.2, under, "Retention")

Plaintiff's mail that is sent to General Delivery at the United States Post Office in Tucson Arizona, 85726 is stamped by postal workers with a date that is thirty-days after the day it is actually received by the United States Post Office. (see exhibits P-B, P-H, pg. 2, and P-I, pg. 3)

Defendant's initial communication debt collection letter to Plaintiff is dated 04/08/2011. (see exhibit P-A).

Defendant's initial communication debt collection letter to Plaintiff did not arrive at General Delivery in Tucson Arizona until April 23rd, 2011. (See exhibit P-B and note the stamped May 23rd date).

If plaintiff were only going by the 04/08/2011 date of the said letter, plaintiff would only have two weeks to make a demand for validation of the alleged debt within 30 day period required by law.

Six days after defendant's initial communication debt collection letter arrived at the main United States Post Office in Tucson, Arizona, a bill from the defendant arrived at the same post office for Plaintiff. (see exhibit P-H, pg. 2)

1    From the above facts, defendant violated 15 U.S.C.

2  §1692f., Unfair Practices in an attempted to circumvent the

3  law, 15 U.S.C. §1692g. (b) that allows for a thirty-day period

4  for plaintiff to demand validation of the alleged debt and to

5  cause defendant to cease collection activity before the alleged

6  
7  debt is validated.

8    As a direct result of this violation, plaintiff suffered

9  money damages.

10    COUNT TWO, FAILURE TO CEASE COLLECTION ACITIVITY

11    Plaintiff realleges and restates the foregoing

12  
13  jurisdictional statements and general factual allegations.

14    On June 19th, 2011, a bill from defendant arrived at the

15  United States Post Office, General Delivery in Tucson Arizona

16  for plaintiff. (see exhibit P-I, pg.3)

17  
18    Defendant had not validated the alleged debt after

19  receiving plaintiff's demand to validate the alleged debt.

20    Defendant violated 15 U.S.C. §1692g.(b) by failing to

21  cease collection of the alleged debt.

22    As a direct result of defendant's violation of 15 U.S.C.

23  §1692g. (b), plaintiff suffered money damages.

24  
25    COUNT THREE, COMMUNICATION WITH THIRD PARTIES

26    Plaintiff realleges and restates the foregoing

27  jurisdictional statements and general factual allegations.

28

6

On July 27, 2011, approximately at 10:06 am, defendant called a third-party making inquiries about plaintiff. (witness is willing to testify to this allegation)

Defendant violated 15 U.S.C. § 1692c. (b). Communication with third parties.

As a direct result of this violation, Plaintiff suffered money damages.

COUNT FOUR, FALSE OR MISLEADING REPRESENTATIONS

Plaintiff realleges and restates the foregoing jurisdictional statements and general factual allegations.

On Thursday, August 18th, approximately at 3:30 pm, two young men with a tow truck stopped in front of plaintiff's home.

One of the young men said they were coming to take away a vehicle for Santander Consumer, (defendant).

The two young men did not seem to know exactly what vehicle they were looking for.

One of the two young men told plaintiff that unless plaintiff called defendant and make arrangements for payment, that they would come back in two days to take the vehicle that they were looking for.

One of the two young men said that if plaintiff did not turn the vehicle over to them when they returned, the vehicle

would be reported as stolen and that plaintiff would be arrested and charged with a felony. (witness is willing to testify to these allegations)

This is a violation of 15 U.S.C. § 1692e. (4) False or misleading representations.

Until the alleged debt has been validated, after plaintiff notifies defendant within thirty days of the initial communication with defendant, it is not lawful for defendant to claim that plaintiff's property can be seized.

Until the alleged debt has been validated, after plaintiff notifies defendant within thirty days of the initial communication, it is not lawful to cause plaintiff to believe that plaintiff will be arrested and charged with a felony if property is not turned over to defendant.

As a direct result of this violation, Plaintiff suffered money damages.

**DEMAND**

WHEREFORE, plaintiff demands judgment for money damages against Defendant together with such other and further relief as the court may deem reasonable.

Those damages are as follows:  1. The cost of the filling fee for this court which is **$350.00**, 2. The time spent to do the research on court procedure and court rules is 12 hours at

the rate of $25.00 per hour equals **$300.00.**   3. The time to

prepare this complaint is approximately 32 hours at the rate of

$25.00 dollars equaling **$800.00.**   4. The cost of copy

certification is **$42.80.** 5. The cost of copying is **$5.50.**   The

cost of certified mail is **$12.72.** 5. The cost of service of

process added if defendant did not waive service of summons.

   The Plaintiff also demands that the court order the

Defendant to pay the Plaintiff $1000 for each count of the four

violations of 15 U.S.C. (**$4000.00**)

   The sum total of the damages Plaintiff demands for relief is

for the Defendant to pay the Plaintiff **$5511.20** or **$5511.20**

plus the cost for service of summons.

Dated: _September 2, 2011_       _Virgil K. Stimer_

                                 Virgil K Stimer
                                 General Delivery
                                 Tucson Arizona 85756
                                 520 260 4721

Index to exhibits


Exhibit P-A ------initial communication debt collection letter

Exhibit P-B-------envelope from defendant with no postdate


Exhibit P-C-------VALIDATION NOTICE FOR CLAIM OF DEBT


Exhibit P-D------- NOTICE OF FAULT AND DISHONOR- SNTDR

                        OPPORTUNITY TO CURE

Exhibit P-E------ NOTICE OF DEFAULT IN DISHONOR CONSENT TO

                        JUDGMENT-STDR

Exhibit P-F------late response from Defendant to plaintiff's

                        debt validation notice

Exhibit P-G------regulation from Postal Operations Manual

Exhibit P-H------Bill and envelope stamped May 29 2011 from

                        defendant

Exhibit P-I------bill and envelope stamped Jul 20 1011 from

                        defendant




     Index to exhibits and exhibits are Attachment 1



**Santander**
CONSUMER



State of Arizona    County of Pima
On this 31st    day of August, 20 11
I certify that the *Valued Customer*
document is a true, exact, complete and unaltered copy
of the original.

*Letticia Armellini*, Notary Public
My Commission Expires *Jan 22 2013*

04/08/2011

VIRGIL K STIMER
GENERAL DELIVERY
TUCSON, AZ 85726-9999

Original Principal Balance: $ 225,424.30
Balance Remaining: $202,499.93
Maturity Date: 05/05/2022

```
OFFICIAL SEAL
LETTICIA ARMELLINI
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 22, 2013
```

# Dear Valued Customer,

**CURRENT GE Account Number - 00100006100157477**
**NEW Santander Consumer USA Account Number - 30000183544851000**

Santander Consumer USA Inc. recently entered into an agreement with GEMB Lending Inc./GE Money Bank to service your retail installment contract or direct note for your recreational vehicle or marine watercraft (collectively, "Vehicle"). **Effective April 4, 2011, your contract or direct note will be serviced by Santander Consumer USA.** Please note that the current lienholder of your vehicle will not change.

This service transfer does not affect the current terms of your retail installment contract or direct note. Your new account number with Santander Consumer USA is 30000183544851000.

- » **If you currently pay your monthly bill using automatic bank draft,** your regularly scheduled automatic payments will continue without interruption, although the receiving bank notation on your receipt will change to Santander Consumer USA Inc.

- » You will soon receive a new monthly account statement from Santander Consumer USA that contains instructions for submitting your payment. You may also securely view, manage and make payments for your account online by enrolling at www.MyAutoAccount.com. You will need a valid e-mail address and your social security number to establish an online account. The Web site also allows you to sign up for online statements if you prefer to receive your monthly account summary via e-mail.

**Beginning 4/4/11, please direct all correspondence and payments concerning your account to Santander Consumer USA.**

| **Correspondence** | **Payments** | **Online & Phone** |
|---|---|---|
| (For non-payment correspondence only) | See the information below regarding payment options, or sign up to pay online in the My Account area of www.MyAutoAccount.com | Manage your account anytime in the My Account area of **www.MyAutoAccount.com** |
| Santander Consumer USA Inc. P.O. Box 961245 Fort Worth, TX 76161-1245 | | Call toll-free at **1.888.222.4227** Mon-Thur. 7 a.m. - 11 p.m. Central Fri 7 a.m. - 9 p.m. Central Sat - Sun 7 a.m. - 5 p.m. Central |

## ADDITIONAL INFORMATION ABOUT PAYMENTS

Your monthly Vehicle account statement will include a detachable payment coupon, return envelope and instructions for mailing your payment to Santander Consumer USA via regular mail. Your statement will also include your available options for making an expedited payment.

If you would like to pay your bill using automatic bank draft, you may enroll in Santander Consumer USA's Auto Pay program and have your monthly payment deducted from your personal checking or savings account by your payment due date. Sign up online at www.MyAutoAccount.com or complete the Auto Pay Authorization on the back of your statement coupon.

**SEE BACK FOR AN IMPORTANT NOTICE OF YOUR RIGHTS.**

Exhibit P-A
pg. 1

Continued on reverse side

| If You Make Payments Through... | After Conversion | Customer Action Required |
|---|---|---|

| Please discontinue use of your existing coupon books. You will receive a monthly statement from Santander Consumer USA that has a detachable coupon that is referred to the existing coupon book. | If paying your account by mail, Santander Consumer USA prefers you pay your bill using the detachable coupon affixed to your monthly statement or pay online at www.MyAutoAccount.com. Any payments made using coupons from an existing "book," take a minimum of one extra day to post to your account. |
|---|---|
| Payments will still be accepted by mail. Your monthly statement will also include instructions for making payments via overnight mail. | Santander Consumer USA will send a monthly statement to you. The address for standard mail payments is:<br><br>Santander Consumer USA Inc.<br>P.O. Box 660633<br>Dallas, TX 75266-0633 |
| Payments will still be accepted by telephone. | To make a payment by telephone call toll-free 888.222.4227 and have your account number and method of payment (checking/savings account numbers and bank routing information, or credit/debit card information) ready when you call. There may be a fee for this service. |
| Payments made using online banking or other bill payment service will continue to be accepted. | You will need to update the Payee to "Santander Consumer USA" and your Vehicle account number so that your payment is credited properly. |
| Your payments will continue to be accepted through Western Union. Santander Consumer USA is also pleased to offer you MoneyGram as an additional option for you to make your payment. | If paying using **Western Union** you will need to present a new City Code at the time you make your payment. **Santander Consumer USA's City Code for Western Union is "PITSTOP" with the State Code "TX."**<br><br>If paying using **MoneyGram** you will need to present **Santander Consumer USA's Receive Code for MoneyGram, which is "1544."** Fees apply for both services. |

## ABOUT SANTANDER CONSUMER USA

Santander Consumer USA is a leading automotive finance company and servicer of a wide variety of retail installment contracts, including auto, RV and marine accounts. We are owned by Banco Santander (NYSE: STD), a 150-year-old global bank with more than 14,000 branches and 90 million customers worldwide.

If you have questions regarding this transition or Santander Consumer USA, we encourage you to visit www.SantanderConsumerUSA.com to receive...

» Information about the transfer of your auto finance account to Santander Consumer USA

» An overview of how Santander Consumer USA services accounts

» The ability to sign up for online statements

» Opportunities to subscribe to e-mail and text message reminders for your monthly payment

» The ability to securely online chat with a customer service representative

» Information about Santander Consumer USA Inc.

You may also call Santander Consumer USA toll-free at 1.888.222.4227.

We are working diligently to ensure that this transfer is as seamless as possible. We appreciate your continued business, and are happy to assist you with all your Vehicle finance needs.

*Sincerely,*
**Santander Consumer USA Inc.**

## IMPORTANT NOTICE ABOUT YOUR RIGHTS

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within 30 days from receiving this notice, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such verification or judgment. If you request from us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

If you choose to exercise your validation rights, we are required by law to cease collection activity until we have mailed the requested information to you.

**\*\*A scheduled payment may be due within 30 days after the date of this letter, but it does NOT affect your right to dispute the validity of the debt. Note that finance charges and fees will continue to accrue on the balance remaining as described in your retail installment contract.**

©2011 Santander Consumer USA Inc. As applicable by the Gramm-Leach-Bliley Act and the Fair Credit Reporting Act, we may report information about your account to credit bureaus. Therefore, late payments, missed payments or other defaults on your account may be reflected on your credit report.

If you have recently filed a bankruptcy proceeding, please be aware that this letter is for informational purposes only. Forward a copy of this letter to your legal counsel and/or trustee, as appropriate, and refer them to a Santander Consumer USA Inc. representative at 888.222.4227.

### REQUIRED STATE NOTICES

**California**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**Colorado**
For information about the Colorado Fair Debt Collection Practices Act, see www.ago.state.co.us/CADC/CADCMAIN.CFM. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the customer. A written request to cease communication will not preclude the debt collector or collection agency from taking any other action authorized by law to collect the debt.

**Maine**
Hours of operation: 7 a.m. to 9 p.m. Central Time, Monday through Friday. Our toll free telephone number is 1.888.222.4227.

**Massachusetts**
Hours of operation: 7 a.m. to 9 p.m. Central Time, Monday through Friday. Our toll-free telephone number is 1.888.222.4227.

NOTICE OF IMPORTANT RIGHTS
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to Santander Consumer USA.

**New York**
This collection agency is licensed by New York City Department of Consumer Affairs License # 1343310.

This collection agency is licensed by the City of Buffalo, New York License # 556975.

**Utah**
As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

Exhibit P-A
pg. 2

State of Arizona     County of Pima
On this 31st day of August, 201 1
I certify that the envelope
document is a true, exact, complete and unaltered copy
of the original.

Letticia Armellini
_____, Notary Public
My Commission Expires Jan 22 2013

..kESORTED
FIRST-CLASS
MAIL
US POSTAGE
PAID
TWMS



OFFICIAL SEAL
LETTICIA ARMELLINI
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 22, 2013

MAY 2 3 2011





Santander
CONSUMER

P.O. BOX 961245
Fort Worth, TX 76161-1245

ADDRESS SERVICE REQUESTED

Exhibit P-B

Exhibit B

**VALIDATION NOTICE FOR CLAIM OF DEBT**

May 20th, 2011

From:   Virgil-Keith: Stimer,
        General Delivery
        Tucson, Arizona [85726-9999]

To:     Santander Consumer USA Inc.
        P.O. Box 961245
        Fort Worth TX 76161-1245

State of Arizona        County of Pima
On this _Certified Mail 7002 0220 0001 1777 8612_
_____ day of _SEP_ , 2011
I certify that the _Validation Notice_
document is a true, exact, complete and unaltered copy
of the original.

_Temple T. Meeks_                         Notary Public
My Commission Expires _Jan 9, 2013_

Re:     Dear Valued Customer notice, CURRENT GE Account Number -- 00100006100157477, NEW
        Santander Consumer USA Account Number -- 30000183544851000 dated April 8, 2011 and
        Statement and payment notice, Account number 8354485, (no date), 2001 Safari Serengeti Motorhome,
        VIN4SLAOGW2111114767

**Notice to agent is notice to principal, notice to principal is notice to agent.**

All references to "Me", "My", and "I" refer to Virgil-Keith: Stimer. All references to "you" and "your" refer to Santander
Consumer USA Inc.

To Whom It May Concern:

This document styled, **"Validation Notice for Claim of Debt"**, (herein after referred to as, **"Validation Notice"**) is sent to
you in response to Santander's Dear Valued Customer notice and the Statement and payment notice, (listed above), that both
were received by Me through General Delivery in Tucson, Arizona [85726-9999] on **May 6th, 2011**. The Dear Valued
Customer notice has the date of April 8, 2011 printed on it but that notice itself did not arrive at General Delivery in Tucson
Arizona, 85726-9999 before **May 3, 2011**. Regardless, both notices were received by Me on, **May 6th, 2011.**

Considering all the mortgage fraud, banking fraud and securitization fraud that has been occurring and the fact that Santander
is not the original creditor notifying Me of the changes that you are claiming, I wish to make certain and beyond a reasonable
doubt that payment be returned to the proper party regarding the Serengeti motorhome listed above. You should also be
aware that sending unsubstantiated demands for payment through the United States Mail System does constitute mail fraud
under federal and state law.

Be advised that this **Validation Notice** is not a refusal to pay but is, in pursuant to the Fair Debt Collection Act, Section 809
(B) and Title 15 United States Code, 1692g., a notice that your claim of debt is in dispute and validation is being requested by
Me. Also, do not confuse this **Validation Notice** as a request for "verification" or proof of My mailing address. This
**Validation Notice** is a request for verification of the validity of the alleged debt you claim against Me and verification of the
right you are presuming to have in order to demand that payment be returned to you.

The following definitions govern this **Validation Notice** as it concerns Santander and Me:
**CFO:** chief financial officer or equivalent officer of Santander
**ink-pen-signature:** original hand written signature of a signatory or signer created with a pen and ink and not created from a
copy of a signature
**state-notary-public:** a notary public commissioned by one of the States of the United States.
**valid:** '*Having legal strength or force, executed with proper formalities, incapable of being rightfully overthrown or set
aside, Bennet v. State 46 Ala.app 535, 245, So2d. 570 572 ,* Of binding force; legally sufficient or efficacious; authorized by
law......' Black's Law Dictionary, Fifth Edition, page 1390
**validate:** "*To make valid, confirm; sanction, affirm.*" Black's Law Dictionary, Fifth Edition, page 1390
**verification:** "*Confirmation of correctness truth or authenticity; by affidavit, oath or deposition. Affidavit of truth of matter
stated and object of verification is to assure good faith in avernments or statement of party. Sheeley v. City of Santa Clara,
215 Cal.App.2nd 83, 30 CalRptr. 121, 123. ........* " Black's Law Dictionary, Fifth Edition, page 1400

As required by law, this **Validation Notice** is My demand to Santander to "cease and desist" any collection activities prior to
the validation of the alleged debt by Santander. Validation of the alleged debt consists of Santander sending to the mailing
location of Virgil-Keith: Stimer, General Delivery, Tucson Arizona, [85726-9999], the enumerated items as follows:

1.  The disclosure of the name of the original creditor, even if that is Me, of Santander's claim of debt against
    Me; and further,
2.  The disclosure of the origin of the funds used to create the said alleged debt; and further,
3.  A state-notary-public certified copy of the original Contract with the stock number 0NS80643 and titled, "MOTOR
    VEHICLE SALES CONTRACT AND PURCHASE MONEY SECURITY AGREEMENT that bears My true and
    authentic ink-pen-signature used to allege the existence of a real loan of funds that created the said alleged debt; and
    further,
4.  A state- notary-public certified copy of the original Contract with the stock number 0NS80643 and titled, "MOTOR
    VEHICLE SALES CONTRACT AND PURCHASE MONEY SECURITY AGREEMENT, bearing My true and
    authentic ink-pen-signature and also bearing the original and authentic ink-pen-signature of the authorized signer for the
    seller LA MESA R.V. CENTER INC. – TUCSON which also bears the name of any Assignee on the said original
    Contract; and further,
5.  State-notary-public certified copy/copies of any and all original contract(s) bearing the original and authentic ink-pen-
    signatures of anyone who purchased and received an assignment on the Contract with the stock number 0NS80643 and
    titled, "MOTOR VEHICLE SALES CONTRACT AND PURCHASE MONEY SECURITY AGREEMENT; and
    further,

6. State-notary-public certified copies of original document(s) designating Santander as the Holder of the Contract stock number 0NS80643 and titled, "MOTOR VEHICLE SALES CONTRACT AND PURCHASE MONEY SECURITY AGREEMENT; and further,
7. An affidavit signed and sworn under the penalties of perjury by the CFO of Santander that any and all documents/instrument(s) involved with the transaction of the purchase of the 2001 Serengeti, VIN number 4SLAOGW2111114767 bearing My true and authentic ink-pen-signature or the likeness of My signature were not negotiated or pledged by any organization or any governmental unit used against My credit to create the funds used for the appearance of a debt and resulting in your claim of the said alleged debt: and further,
8. An affidavit signed under the penalties of perjury by the CFO of Santander that the original Contract with the stock number 0NS80643 and titled, "MOTOR VEHICLE SALES CONTRACT AND PURCHASE MONEY SECURITY AGREEMENT which bears My true and authentic ink-pen-signature or the likeness of My signature has not been sold as a security and the said security has not been assigned a CUSIP number; and further,
9. An affidavit signed and sworn under the penalties of perjury by the CFO of Santander that the originals of all the state-notary-public certified copies required by Me in this **Validation Notice** are available to Santander and will be provided by Santander for My own and a judge's inspection should there be a trial to contest these matters; and further,
10. That the person from Santander who prepares the validation as stipulated within these ten (10) enumerated items, provide verification of the said validation of the debt by presenting to Me an affidavit sworn under oath and under the penalties of perjury to the truthful of all statements concerning the validation of the said alleged debt and that all requisite documents validating the said alleged debt have been copied from the **original** documents that bear the ink-pen-signatures of the signers.

I agree to comply with your request for return of payment on the condition that within thirty (30) days of receipt of this **Validation Notice** that you present to Me as is stipulated within this document, *each and every one* of the above ten (10) enumerated items for the validation of the said alleged debt. In the absence of you providing validation of your claim of the alleged debt as stipulated within this **Validation Notice**, you agree that Santander is not the Party of Interest nor the Holder in Due Course nor the Assignee nor the Secured Party nor the Holder of the Contract stock number 0NS80643 MOTOR VEHICLE SALES CONTRACT AND PURCHASE MONEY SECURITY AGREEMENT and therefore you agree that Santander is a third-party-debt collector and has no contractual rights, including but not limited to, RIGHTS AND REMEDIES as it concerns the said Contract. Furthermore, Santander agrees that *any* actions by Santander that results in any attempt or results in the actual taking of possession of the Property secured by the said Contract without first validating the alleged debt as stipulated, is Santander's admission to *willingly and knowingly* engaging in fraud under 18 U.S.C. §1001, conspiracy under 18 U.S.C §371, conspiracy against rights under 18 U.S.C §241, mail fraud under 18 U.S.C. § 1341, racketeering 18 U.S.C § 1952, obtaining money by false or fraudulent pretenses under 18 U.S.C § 2314 against Me. Additionally, Santander agrees to accept all liability and payment for *any* amount of damages I claim as a result of any actions taken by Santander which results in any attempt of or the actual taking of possession of the Property secured by the said Contract. Santander also agrees to accept liability and pay for *any* amount of damages that I claim in the event that I should be charged with criminal offenses in relation to any attempt of or the actual taking of possession of the Property secured by the said Contract as a result of Santander's involvement in the said attempt or actual taking.

This is a constructive notice that, absent the validation of your claim within 30 days, you must "cease and desist" any and all collection activity and you are prohibited from contacting Me through the mail, by telephone, in person, at My home, or at My work. You are further prohibited from contacting any other third party. Each and every attempted contact is in violation of the Fair Debt Collection statutes at both the state and federal levels and will constitute harassment and defamation of character and will subject your organization and any and all agents in his/her individual capacities, who take part in such harassment, and defamation, to a liability for actual damages in addition to **statutory damages of up to $1,000 for each and every violation**, and a further liability for legal fees to be paid to any counsel which I may retain. Further, absent such validation of your claim of the alleged debt, you are prohibited from filing any notice of lien and/or levy or judgment and are also barred from reporting any derogatory credit information to any credit reporting agency, regarding this disputed alleged debt.

This response does constitute My effort to resolve this on-going debt claim between the parties involved. Until full disclosure is achieved, there can be no case, collection or action. "No civil or criminal cause of action can arise lest, out of fraud, there be a valid, honest contract." See *Eads v. Marks* 249 P. 2d 257, 260.

I, Virgil-Keith: Stimer, , swear under the penalties of perjury that I have read this **Validation Notice for Claim of Debt** and that it is true and correct according to the best of My understanding, according to first-hand knowledge and from My own research.

By: _Virgil Keith Stimer_   Date _MAY 20_ 2011
Virgil-Keith: Stimer, AR

_Virgil Keith Stimer_
Printed name

### JURAT AND VERIFICATION

STATE OF ARIZONA )
COUNTY OF PIMA )

Before me personally appeared Virgil-Keith: Stimer, whose identity was proved to me on the basis of satisfactory evidence and the same living soul whose name is subscribed to this document and that he voluntarily signed the attached document. Subscribed and sworn before me this day _20_ of _May_, 2011.

_Kasie Jo Manley_
Notary Public
My Commission Expires _Jan 22, 2013_

OFFICIAL SEAL
KASIE JO MANLEY
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 22, 2013

Exhibit P-C   pg. 2


**UNITED STATES POSTAL SERVICE®**

Home | Help | Sign In

Track & Confirm     FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: 7007 0220 0001 1777 8612
Service(s): **Certified Mail**™
Status: **Delivered**

Your item was delivered at 10:11 am on May 23, 2011 in FORT WORTH, TX 76161.

Information on this item has been restored from offline files and will be available online for 30 days from 08/03/2011.

Detailed Results:

- **Delivered, May 23, 2011, 10:11 am, FORT WORTH, TX 76161**
- **Arrival at Unit, May 23, 2011, 9:47 am, FORT WORTH, TX 76161**

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

---

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

Exhibit P-C   pg 3

**UNITED STATES POSTAL SERVICE**

---

### Track/Confirm - Intranet Item Inquiry
### Item Number: 7007 0220 0001 1777 8612

---

**This item was delivered on 05/23/2011 at 10:11**



| Signature: | *Gini Moore*<br>**Gini Moore** |
|---|---|
| Address: | *PoBox 96066* |



U.S. POSTAGE
PAID
TUCSON, AZ
85711
AUG 06, 11
AMOUNT

**$4.70**
00012873-12

1000

*Version 1.0*

Inquire on multiple items.

Go to the Product Tracking System Home Page.

Exhibit P-C   pg 4

**NOTICE OF FAULT AND DISHONOR-SNTDR**
**OPPORTUNITY TO CURE**

Certified Mail # 7010 1870 0000 5137 6707

State of Arizona
County of Pima
On this 1st day of Sept 20 11
I certify the Notice of Fault & Dishonor
document is a true, exact, complete and unaltered copy
of the original.

*Temple T. Meeks*

My Commission Expires Jan 9 2013 Notary Public

**OFFICIAL SEAL**
**TEMPLE T. MEEKS**
**NOTARY PUBLIC-ARIZONA**
**PIMA COUNTY**
My Comm. Exp. Jan. 9, 2013

Notice date:     July 2nd, 2011

**From:**     Virgil-Keith: Stimer
          General Delivery
          Tucson, Arizona [85726-9999]

**To:**     Santander Consumer USA Inc.
          Legal Department
          P.O. Box 961245
          Fort Worth TX 76161-1245

**Notice to the agent is notice to the principal.  Notice to the principal is notice to the agent.**

**Re:  VALIDATION NOTICE FOR CLAIM OF DEBT** dated May 20th, 2011, sent by USPS Certified Mail #
7007 0220 0001 1777 8612 and received by Santander Consumer USA Inc. on May 23rd, 2011 and **ADDENDUM
TO VALIDATION NOTICE FOR CLAIM OF DEBT** sent by USPS certified mail and received by Santander
Consumer USA Inc. on or about June 14th, 2011.

Attention Legal Department:

     This document styled, **"NOTICE OF FAULT AND DISHONOR-SNTDR OPPORTUNITY TO
CURE"**, (herein after, referred to as, **"Notice of Fault")** is a notice of Santander Consumer USA Inc.'s fault and
dishonor., (hereinafter referred to as, "Santander") concerning two documents styled as, **"VALIDATION NOTICE
FOR CLAIM OF DEBT"**, and **"ADDENDUM TO VALIDATION NOTICE FOR CLAIM OF DEBT"**
received by Santander.

**FACTS**

1.  On or about May 6th, 2011,  (in regard to return of payments for the financing of a 2001 Safari Serengeti
    Motorhome, VIN4SLAOGW2111114767), I received from Santander the following correspondence: Dear
    Valued Customer notice, CURRENT GE Account Number – 00100006100157477, NEW Santander Consumer
    USA Account Number – 30000183544851000 dated April 8, 2011 and Statement and payment notice,
    Account number 8354485, (no date); and further,

2.  In order for Me to ascertain what Santander's interest is in the said Motorhome and the agreement, **MOTOR
    VEHICLE SALES CONTRACT AND PURCHASE MONEY SECURITY AGREEMENT** with the **stock
    number 0NS80643**, (hereinafter referred to as, "Contract"),  I sent to Santander on or about May 20th, 2011 a
    document styled, **VALIDATION NOTICE FOR CLAIM OF DEBT** by certified mail and also sent to
    Santander, on or about June 20th, 2011 via certified mail, a second document styled, **ADDENDUM TO
    VALIDATION NOTICE FOR CLAIM OF DEBT**; and further,

3.  Santander was given thirty, (30) days upon which to respond to Me as stipulated in the above said documents
    for the purpose of Santander verifying the validity of the alleged debt that Santander is insinuating and
    presuming upon Me; and further,

4.  In addition, Santander was given the opportunity to provide to Me, within the said thirty (30) days, evidence
    proving Santander as being the Holder in Due Course or as a Secured Party or as an Assignee of the Contract
    giving Santander the right to request or demand that I return payment for the said Motorhome to Santander;
    and further,

5.  More than thirty (30) days have passed and Santander has not replied as stipulated in the above said
    documents; and further,

6.  I have entered into no agreement with Santander nor am I under any contractual obligation to pay Santander
    for anything and that no agreement or contract or evidence of such an agreement or contract with Santander
    has ever been presented to Me by Santander; and further,

7.  I am not in default to the terms of the Contract since no one, including Santander, requesting or demanding
    payment from Me have proven themselves to be a Holder in Due Course, Secured Party or an Assignee to the
    Contract.

**DISHONOR**

     Since June 23rd, 2011, more than thirty (30) days have passed for Santander to respond to Me as stipulated
in the **VALIDATION NOTICE FOR CLAIM OF DEBT**, and the **ADDENDUM TO VALIDATION NOTICE
FOR CLAIM OF DEBT**

FORM NOFOC-SNTDR, All Right Reserved
Copyright 07022011

*Virgil-Keith: Stimer* ™

Exhibit P-D     pg 1

**FAULT**

For that the dishonor of the **VALIDATION NOTICE FOR CLAIM OF DEBT** and the **ADDENDUM TO VALIDATION NOTICE FOR CLAIM OF DEBT** is placing Santander at **fault**. This **Notice of Fault** is My good faith offer to give Santander an extension of time to respond to Me as stipulated in the **VALIDATION NOTICE FOR CLAIM OF DEBT**, and stipulated in the **ADDENDUM TO VALIDATION NOTICE FOR CLAIM OF DEBT** in order for Santander to verify the validity of the alleged debt against Me and to verify itself as a Holder in Due Course or as a Secured Party or as an Assignee of the said Contract.

I extend to Santander a time ten (10) days from receipt of this **Notice of Fault** for Santander to respond as stipulated in **VALIDATION NOTICE FOR CLAIM OF DEBT** and **ADDENDUM TO VALIDATION NOTICE FOR CLAIM OF DEBT**. For that upon Santander's failure, refusal, or neglect in responding as stipulated in **VALIDATION NOTICE FOR CLAIM OF DEBT** and **ADDENDUM TO VALIDATION NOTICE FOR CLAIM OF DEBT** is Santander's consent with My entry of a **Notice of Default In Dishonor, Consent to Judgment** upon Santander. In addition, upon Santander's failure, refusal, or neglect in responding as stipulated in the **VALIDATION NOTICE FOR CLAIM OF DEBT** and in the **ADDENDUM TO VALIDATION NOTICE FOR CLAIM OF DEBT** is Santander's admission and confession to all the facts, statements, claims, laws and conclusions of law declared by Me in the documents styled, **VALIDATION NOTICE FOR CLAIM OF DEBT**, **ADDENDUM TO VALIDATION NOTICE FOR CLAIM OF DEBT** and this document styled, **NOTICE OF FAULT AND DISHONOR-SNTDR OPPORTUNITY TO CURE**.

In order to assist Santander in this matter of notice of fault and dishonor, a computer printout of the original documents styled, **VALIDATION NOTICE FOR CLAIM OF DEBT**, **ADDENDUM TO VALIDATION NOTICE FOR CLAIM OF DEBT** are enclosed.

The headings in this **Notice of Fault** are for reference and convenience only. They are not intended and shall not be construed to be a substantive part of this **Notice of Fault** or in any other way to affect the validity, construction, interpretation or effect of any part of this **Notice of Fault.**

**JURAT**

I, Virgil-Keith: Stimer, swear under the penalties of perjury that I have read this **NOTICE OF FAULT AND DISHONOR-SNTDR OPPORTUNITY TO CURE** and that it is true and correct according to my own first-hand knowledge, according to my own research and according to the best of my understanding of all the matters at hand concerning the Santander and the Contract **MOTOR VEHICLE SALES CONTRACT AND PURCHASE MONEY SECURITY AGREEMENT** with the stock number 0NS80643.

State of Arizona      County of Pima

On this ___1st___ day of __September__ 20_11_

I certify that the __Fault of Jurat__

document is a true, exact, complete and unaltered copy

of the original.

__Temple D Meeks__ L.S./ __Virgil-Keith: Stimer__ Date __July 2__, 2011

Notary Public           Virgil-Keith: Stimer, AR

My Commission Expires __Jan 9, 2013__

__Virgil Keith Stimer__

Printed name

**OFFICIAL SEAL**
**TEMPLE T. MEEKS**
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 9, 2013

Before me personally appeared Virgil-Keith: Stimer, whose identity was proved to me on the basis of satisfactory evidence and the same living soul whose name is subscribed to this document and that he voluntarily signed the attached document. Subscribed and sworn before me this day __2__ of __July__, 2011.

__Alta Lambert__

Notary Public

My Commission Expires __1/4/2015__

Enclosures:

**VALIDATION NOTICE FOR CLAIM OF DEBT**
**ADDENDUM TO VALIDATION NOTICE FOR CLAIM OF DEBT**


**UNITED STATES**
**POSTAL SERVICE**®

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: **7010 1870 0000 5137 6707**
Expected Delivery Date: **July 8, 2011**
Class: **First-Class Mail**®
Service(s): **Certified Mail**™
Status: **Delivered**

Your item was delivered at 10:25 am on July 08, 2011 in FORT WORTH, TX 76161.

Detailed Results:

- **Delivered, July 08, 2011, 10:25 am, FORT WORTH, TX 76161**
- **Arrival at Unit, July 08, 2011, 9:11 am, FORT WORTH, TX 76161**
- **Processed through Sort Facility, July 05, 2011, 11:18 pm, HAMPDEN, ME 04444**
- **Acceptance, July 05, 2011, 2:18 pm, WATERVILLE, ME 04901**


**Track & Confirm**

Enter Label/Receipt Number.

Go >

Site Map     Customer Service     Forms     Gov't Services     Careers     Privacy Policy     Terms of Use     Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.     No FEAR Act EEO Data     FOIA

Exhibit P-D   pg-3

**OFFICIAL SEAL**
LETTICIA ARMELLINI
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 22, 2013

NOTICE OF DEFAULT IN DISHONOR CONSENT TO JUDGMENT-STDR

Notice date:     July 22nd, 2011          Certified Mail # 7010 1870 0000 5137 6721

Claimant:        Virgil Keith Stimer
                 C/o General Delivery
                 Tucson, Arizona [85726-9999]

State of Arizona        County of Pima
On this 22 day of July, 2011
I certify that the Notice of Default-STDR
document is a true, exact, complete and unaltered copy
of the original.

Letticia Armellini          Notary Public
My Commission Expires   Jan 22 2013

Respondent:      Santander Consumer USA Inc.
                 Legal Department
                 P.O. Box 961245
                 Fort Worth TX 76161-1245

Re:  Documents styled as, **"VALIDATION NOTICE FOR CLAIM OF DEBT"** sent via Certified Mail # 7007 0220 0001 1777 8612, received by Santander Consumer USA Inc. on May 23rd, 2011, **ADDENDUM TO VALIDATION NOTICE FOR CLAIM OF DEBT** sent via Certified Mail # 7007 1490 0004 5591 1102 and received by Santander Consumer USA Inc. on June 14th, 2011 and **NOTICE OF FAULT AND DISHONOR-SNTDR OPPORTUNITY TO CURE** sent by Certified Mail # 7010 1870 0000 5137 6707 received by Santander Consumer USA Inc. on July 8th, 2011

*Respondent is under the Maxim of law, notice to the agent is notice to the principal and notice to the principal is notice to the agent.*

This document styled as, **"NOTICE OF DEFAULT IN DISHONOR CONSENT TO JUDGMENT-STDR"**, is notice by Virgil Keith Stimer, (herein after referred to as, "Claimant") of Santander Consumer USA Inc.'s, (hereinafter referred to as, "Respondent") failure to respond to the documents styled as, **VALIDATION NOTICE FOR CLAIM OF DEBT, ADDENDUM TO VALIDATION NOTICE FOR CLAIM OF DEBT** and **NOTICE OF FAULT AND DISHONOR-STDR OPPORTUNITY TO CURE**. Consequently, Respondent is in dishonor and in default of said documents and Respondent agrees to all the facts, claims, statements, laws and conclusions of laws sworn to in the said above referenced documents and that estoppel by acquiescence does prevail against Respondent concerning Claimant, the security agreement MOTOR VEHICLE SALES CONTRACT AND PURCHASE MONEY SECURITY AGREEMENT with the stock number 0NS80643, a 2001 Safari Serengeti Motorhome VIN4SLAOGW2111114767 and payments for the said Motorhome.

I, Virgil-Keith: Stimer being more than the age of majority and competent to testify, swear under oath and the penalties of perjury that I have read the contents of this document and that the foregoing facts, statements and claims are true and correct according to my own first-hand knowledge and research and to the best of my understanding of all the matters at hand between Respondent and Claimant.

So be it. Further Claimant sayeth naught.

By: *Virgil-Keith Stimer AR*   Date July 22, 2011
    Virgil-Keith: Stimer, AR

    *Virgil Keith Stimer*
    Printed Name

**Jurat**

STATE OF ARIZONA  )
                  ) ss
COUNTY OF PIMA    )

Personally appearing before me is Virgil-Keith: Stimer, whose identity was proven to me on the basis of satisfactory evidence and is the same living soul whose name is subscribed to this document styled as, **NOTICE OF DEFAULT IN DISHONOR CONSENT TO JUDGMENT-STDR** and that he voluntarily signed the attached document and swore to the truthfulness of the document.  Subscribed and sworn before me this day 22nd of July, 2011.

**OFFICIAL SEAL**
LETTICIA ARMELLINI
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 22, 2013

Notary Public

My Commission Expires Jan 22 2013



**UNITED STATES POSTAL SERVICE**

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: **7010 1870 0000 5137 6721**
Expected Delivery Date: **July 25, 2011**
Class: **First-Class Mail**®
Service(s): **Certified Mail**™
Status: **Delivered**

Your item was delivered at 10:15 am on July 26, 2011 in FORT WORTH,
TX 76161.

Detailed Results:

• **Delivered, July 26, 2011, 10:15 am, FORT WORTH, TX 76161**
• **Notice Left (No Authorized Recipient Available), July 26, 2011, 7:34 am, FORT WORTH, TX 76161**
• **Arrival at Unit, July 26, 2011, 7:08 am, FORT WORTH, TX 76161**
• **Acceptance, July 22, 2011, 4:32 pm, TUCSON, AZ 85710**

---

| Track & Confirm |
| --- |
| Enter Label/Receipt Number. |
| **Go >** |

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

**Copyright© 2010 USPS. All Rights Reserved.**    No FEAR Act EEO Data    FOIA

 

Exhibit P-E    *pg. 2*



**Santander**

CONSUMER

August 8, 2011



State of Arizona    County of Pima
On this 31st day of August, 20 11
I certify that the Santder Consumer Note
document is a true, exact, complete and unaltered copy
of the original.

Letticia Armellini Notary Public
My Commission Expires    Jan 22 2013

OFFICIAL SEAL
LETTICIA ARMELLINI
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 22, 2013

Virgil Keith Stimer
c/o General Delivery
Tucson, AZ 85726

RE:    Account No. 8354485

Dear Mr. Stimer,

We are in receipt of your complaint regarding the above referenced account
number. We have investigated this matter and offer the following response.

Santander Consumer USA Inc. ("SCUSA") entered into an agreement with GEMB
Lending Inc/GE Money Bank on April 4, 2011 to service your retail installment
contract for your recreational vehicle or watercraft. The service transfer does not
affect the terms of the retail installment contract.

In your correspondence you are disputing the validity of the debt; enclosed are
copies of the contract, payment history, and service transfer letter.

If you need further assistance regarding your account you may call our Servicing
Department at 1-888-222-4227.

Sincerely,

Santander Consumer USA Inc.

Exhibit P-F    pg 1

**PURCHASE MONEY SECURITY AGREEMENT**

STOCK NO. OWS80643

Buyer's(Debtor's):

Address:
VIRGIL K STIMER
8701 S KOLB RD #18-223
TUCSON AZ 85726

Seller's(Assignee's):

Address:
LA MESA RV CENTER, INC.-TUCSON-YUMA
3255 E. IRVINGTON RD.
TUCSON AZ 85714

6100157477

| NEW OR USED | YEAR MODEL | MAKE TRADE NAME | NO. CYL. | BODY TYPE | MAKE OR SERIES | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|---|---|---|---|
| NEW | 2001 | SAFARI | | MH SERENGETI | SAFARI | 4SLAOGH2111114767 |

EQUIPMENT:
AM/FM Stereo — 4 SP. TRANS. — T-TOP/SUN — POWER STRG. — AIR COND. — PWR. WIND. — PWR. DOORS
TAPE — 5 SP. TRANS. — VINYL ROOF — AUTO. TRANS. — CRUISE — PWR. SEATS — PWR. LOCKS — PWR. WNLS.
Misc. Equipment:

| ANNUAL PERCENTAGE RATE | 2.99 % | | | |
|---|---|---|---|---|
| FINANCE CHARGE | $ 74356.00 | | | |
| Amount Financed | $ 225439.94 | | | |
| Total of Payments | $ 299796.00 | | | |
| Total Sale Price | $ 347768.00 | | | |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due: Monthly, Beginning |
|---|---|---|
| 240 | 1249.15 | MONTHLY BEGINNING 06/03/2002 |
| | N/A | |

State of Arizona     County of Pima
On this 31st day of August, 20 11
I certify that the Invoice
document is a true, exact, complete and unaltered copy
of the original.

Letticia Armellini, Notary Public
My Commission Expires
Jan 22 2013



OFFICIAL SEAL
LETTICIA ARMELLINI
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 22, 2013

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Price (incl. accessories) $ 250071.00 ... Total Cash Sale Price $ 262727.69 (1)
   Less Trade In $ 3656.69
2. Other charges employed by Seller include:
   a-Vehicle Service Contract (Term)** 60 MOS/OR 50000 MILES $ 100.00 (one) $ 5780.00
   b-Dealer Documentary Fee $ 95.00
   c-Other (describe) THIS TECHNAL TINT GRAND ALARM $ 2283.00
   Total ... $ 8158.00 (2)
3. a-Trade-in 2000 MONACO DYNASTY $ 193773.00 - $ 152000.00 = $ 41773.00
   b-Cash Down Payment (includes rebate of $ N/A ) $ 6200.00
   Total Down Payment (if negative, enter "0" and see line 5c below) $ 47973.00 (3)
4. Unpaid balance of cash sale price/AMOUNT CREDITED TO YOUR ACCOUNT WITH SELLER (sum of item 1 & 2 less item 3) $ 222912.69 (4)
5. AMOUNTS PAID TO OTHERS ON YOUR BEHALF INCLUDES:
   a-Payments to Public Officials for Official Fees:
   (1) Registration Fees $ 8.25   (2) Title Fees $ 4.00   (3) Lieu Tax $ 2500.00
   (4) Lien Filing Fees $   (5) Smog Fees $ 3.00   (6) Weight Fees $
   (7) Other (describe) WASTE TIME DISPOSAL FEE $ 12.00
   Total ... $ 2527.25 (5a)
   b-Payments to Insurance Companies for Insurance Premiums:** N/A
   (1) Credit Insurance Premiums $ N/A   (2) Property Insurance Premiums $ N/A
   Total ... $ N/A (5b)
   c-Payments to for $ N/A (5c)
   d-Payments to for Prior Credit or Lease Balance $ N/A (5d)
   e-Payments to for $ N/A (5e)
   Total Amount Paid to Others ... $ 2527.25 (5)
6. Amount Financed — Amount of Credit you will get (from 4 plus item 5) ... $ 225439.94 (6)

ATTENTION PURCHASER: SIGN HERE ONLY IF THE DEALER TOLD YOU THAT THIS VEHICLE HAS THE FOLLOWING PROBLEM(S) AND THAT YOU AGREE TO BUY THE VEHICLE IN THOSE TERMS.

THE SELLER HEREBY WARRANTS THAT THIS VEHICLE WILL BE FIT FOR THE ORDINARY PURPOSES FOR WHICH THE VEHICLE IS USED FOR 15 DAYS OR 500 MILES AFTER DELIVERY, WHICHEVER IS EARLIER, EXCEPT WHICH WILL HAVE TO PAY UP TO $25.00 FOR EACH OF THE FIRST TWO REPAIRS IF THE WARRANTY IS VIOLATED.

THIS CONTRACT IS SUBJECT TO THE ADDITIONAL PROVISIONS SET FORTH ON THE BACK. PLEASE READ THE BACK CAREFULLY. IT CONTAINS A LIMITATION ON EXPRESS WARRANTIES AND OTHER IMPORTANT PROVISIONS.

Dated this 4th day of MAY Year 2002. Buyer acknowledges receipt of a fully completed copy of this Contract.

SELLER LA MESA R V CENTER INC - TUCSON
By [signature]

**ASSIGNMENT**

LA MESA R.V. CENTER, INC. - TUCSON     05/04/2002

TIOR BANK CORP
600 ANTON BLVD. 10TH FLOOR
COSTA MESA, CA 92626     225439.94

ORIGINAL

Exhibit P-F     pg 2

## ADDITIONAL TERMS, AGREEMENTS AND CONDITIONS

**1. It is agreed that:**

(a) If the motor vehicle (the "Property") described on the reverse side is used primarily for personal, family or household purposes, the following provision shall apply:

> **NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

(b) If the Property described on the reverse side is used primarily for commercial, industrial or agricultural production purposes, Buyer will not assert any claim or defense against Assignee except of a type which may be asserted against a holder in due course of a negotiable instrument.

(c) If the "Amount Financed" on the reverse side exceeds $25,000 or if the Property described on the reverse side is used primarily for commercial, industrial or agricultural production purposes, the "Amount Financed" is also the "Final Cash Price Balance" and the "Total of Payments" on the reverse side is also the "Time Balance".

**2. BUYERS GUIDE FOR USED VEHICLES: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.** Unless Seller furnishes you with a separate written warranty, the Collateral is sold to you **"As is - not expressly warranted or guaranteed."**

**LA INFORMACION QUE USTED VE EN LA FORMA DE VENTANILLA PARA ESTE VEHICULO ES PARTE DE ESTE CONTRATO. LA INFORMACION EN LA FORMA DE VENTANILLA DOMINA CUALESQUIER ESTIPULACION CONTARIA EN EL CONTRATO DE VENTA.**

***3. Buyer acknowledges express intent to hereby waive and abandon all personal property exemptions granted by law upon the Property which is the subject of this Contract. NOTICE: By signing this Contract, Buyer waives all rights provided by law to claim such property exempt from process;***

**4. DEBTOR'S REPRESENTATIONS, WARRANTIES AND AGREEMENTS:** Debtor represents, warrants and agrees: Any true and correct carbon, photographic or other reproductive copy of this Purchase Money Security Agreement may be filed or recorded as a Financing Statement. The property will be principally stored at Debtor's address shown on the face hereof.

Debtor: will permit the Holder of this Contract to examine the Property at any time; will maintain the Property in good condition and repair; will not permit the Property to be permanently removed from the state of Arizona without the prior written consent of the Holder; will not permit the Property to be removed from Debtor's possession; will not permit the Property to be attached or other process to be levied thereon; will not create nor permit to be created any lien or encumbrance or adverse claim of any character whatsoever, whether for storage, repairs, or otherwise, justified or unjustified; will not attempt to sell, transfer or assign Debtor's right, title or interest in the Property or this Contract in contravention of security interest granted herewith; and will pay all taxes and assessments of every character levied or assessed against the Property, this Contract and the indebtedness represented hereby.

Time is of the essence of this Contract. The acceptance by Holder of partial payments shall not in any manner modify the terms of this Contract and such acceptance shall not be construed as a waiver of any subsequent defaults on Debtor's part nor shall it waive the "time is of the essence" provision. Any payment amount received by Holder in addition to or in excess of a regular scheduled payment may be applied first to accrued late charges and collection charges (if any) and then to interest due and the balance to principal balance outstanding. This Contract is not assignable by Debtor except with the prior written consent of Holder. Debtor agrees that it will not use or permit the Property to be used for any unlawful purpose, nor to be used for hire, nor will Debtor allow any person to operate or use the Property who is not allowed under the terms of the insurance policies herein required to so operate or use the Property.

Any written notice required to be given Debtor if mailed by ordinary mail, postage prepaid, to Debtor's mailing address given herein or to Debtor's most recent address as shown by a "Notice of Change of Address" on file with Holder, shall be deemed reasonable notification.

**5. INSURANCE:** Debtor agrees: to keep the Property insured at its own expense against loss by fire, theft, transportation, collision and other such risks as Holder shall designate; such insurance shall be for an amount not less than the balance due under this Contract and shall be in force so long as any part thereof remains unpaid; such insurance is to be placed in insurance companies acceptable to Holder and loss thereon is to be paid to Holder and Debtor as their interests may appear. Debtor hereby requests and authorizes Holder, at Holder's option and without obligation to do so, to place and pay for insurance on the Collateral upon the failure by Debtor, after having been requested to do so, to provide insurance satisfactory to Holder and to pay the premium either for such insurance or similar insurance protecting Holder only, adding same to the principal balance then owing or by an advance which constitutes additional indebtedness and is secured hereunder and is added to the remaining installments or is payable in additional installments due on this Contract. The policies therefor shall be held by Holder until this Contract is fully performed. Debtor agrees to reimburse Holder on demand for any payment made or any expenses incurred by Holder pursuant to the foregoing authorization, together with interest thereon from disbursement until paid at an interest rate not to exceed 24% or the maximum allowed by law, whichever is lower.

In the event of a loss, Debtor agrees that Holder may collect the proceeds from such property insurance and apply the proceeds towards replacement of the Property or payment of the obligation.

If Holder retakes possession of the Property, the insurance policies thereon shall become the sole property of Holder and Debtor shall have no further interest therein. Debtor hereby assigns to Holder the proceeds of all such insurance to the extent of the unpaid balances hereunder and directs any insurer to make payments directly to Holder. In the event of any default hereunder, Holder is authorized to cancel any insurance and credit any premium refund against said unpaid balances.

*Debtor authorizes Holder, at its option and without obligation to do so, to discharge taxes, liens, security interests or other encumbrances at any time levied or placed on the Property. Debtor hereby agrees to reimburse Holder on demand for any expense incurred by Holder pursuant to this authorization, plus interest on all sums so expended until paid at an interest rate not to exceed 24% or the maximum allowed by law, whichever is lower.*

**6. DEFAULT CHARGE:** If a payment due in a commercial transaction isn't paid in full in 10 days after it's due, you will pay a late charge of 5% of the unpaid balance of the installment. If a payment in a consumer transaction isn't paid in full in 10 days after it's due, you will pay a late charge of the lesser of $10.00 or 5% of the unpaid part of the payment.

Commercial transaction means a transaction in which the motor vehicle is intended by the borrower for use primarily for other than personal, family or household purposes. Consumer transaction means a transaction in which the motor vehicle is intended by the borrower for use primarily for personal, family or household purposes.

Late charges are not in lieu of finance charges accrued or accruing.

If Buyer's delinquency requires collection efforts, reasonable collection charges and costs incurred will be paid by Buyer. If this Contract is referred for collection to an attorney that is not a salaried employee of the Holder, Buyer will pay reasonable attorneys fees incurred whether or not a law suit is filed. Charges will be assessed in accordance with Holder's current cost schedule.

**7. ACCELERATION:** If any scheduled payment is not paid when due, all unpaid amounts may be declared immediately due and payable in full, and Buyer's privilege to pay all sums due in installments will thus be terminated.

**8. PREPAYMENT:** Buyer may prepay the unpaid principal balance in full or in part at any time without penalty, provided all interest charges and other charges accrued to date of prepayment are paid. Finance Charges accrue on a daily basis until payment in full is made and, therefore, no interest refund will be due upon any prepayment. It is agreed that a day shall be counted as either 1/360th, 1/365th, or 1/366th of a year in accordance with the method of computation used by the Assignee for retail installment transaction such as yours on the date of assignment of this Contract.

**9. EVENTS OF DEFAULT:** (a) Any one of the following shall constitute an event of default: (1) Failure of Debtor to pay when due any indebtedness secured hereby; (2) If any warranty, representation or statement made herein or furnished to Holder by or on behalf of Debtor in connection with this Contract proves to have been false in any material respect when made or furnished; (3) The commencement of any bankruptcy, arrangement, reorganization, insolvency, receivership or similar proceedings by or against Debtor or any guarantor or surety for Debtor; (4) If the Property is sold or disposed of or security interest is created with respect thereto; (5) The occurrence of any adverse change in the financial condition of Debtor deemed material by Holder, or if, in the judgement of Holder, the Property becomes unsatisfactory in character or value; or if Holder shall deem itself insecure; (6) If Debtor defaults in performing any of its obligations, promises, covenants or agreements contained herein or in any agreement, paper or document given by Debtor to Holder; (7) If Debtor uses the collateral in violation of any law or governmental regulations; (8) If Debtor fails to keep and maintain exclusive possession of, and title to, the Property; (9) If Debtor fails to pay promptly when due all taxes, liens, fees, charges and assessments upon the Property or fails to keep the Property in good condition and repair or fails to keep the Property properly insured at all times with an insurance company or companies acceptable to Holder and with Loss Payable to Holder as its interests may appear, against fire (with extended coverage), theft, physical damage and such other risks and in such amounts for all risks, as Holder shall require.

(b) Any one of the following shall constitute an event of default if, in Holder's opinion, such occurrence itself, or such occurrence together with surrounding circumstances, materially increases Holder's risks with regard to repayment of the indebtedness due to: (1) Death or incompetence of Debtor; (2) If the Property is levied upon or seized upon under any levy, attachment, garnishment, writ or other legal process, or if any lien is attached thereto; (3) If the Property is lost, stolen or suffers substantial damage or destruction.

**10. RIGHTS AND REMEDIES:** Upon the happening of any of the foregoing Events of Default and at any time thereafter, Holder may, at its option without notice to Debtor, declare all of the indebtedness of Debtor to Holder to be immediately due and payable, and Holder shall have the rights, options, duties and remedies of a Secured Party, and Debtor shall have the rights and duties of a Debtor, under the Uniform Commercial Code as adopted in the State of Arizona, and without limitation thereto, Holder shall have the following specific rights: (a) To take immediate possession of the Property without notice or resort to legal process and for such purpose to enter upon any premises on which the Property or any part thereof may be situated and remove the same therefrom or, at its option, to render the Property unusable; (b) To make or have made any repairs deemed necessary or desirable, the cost of which is to be charged to Debtor; (c) To apply the proceeds realized from the disposition of the Property according to law and to payment of reasonable attorney's fees and legal expenses incurred by Holder, whether or not suit is filed; (d) If the proceeds realized from the disposition of the Property shall fail to satisfy all of the obligations of Debtor to Holder hereunder and the Cash Sales Price was more than $1000, Debtor shall pay any deficiency balance to Holder upon Holder's demand.

Holder may retake possession of any other goods situated upon or contained within the Property at the time of repossession of the Property, wherever such goods may be, and hold the same for Debtor at Debtor's risk without liability on the part of Holder, and Debtor shall be liable for any charges for storing such goods incurred by Holder. Any repossession of the Property shall not affect Holder's right, hereby confirmed by Debtor, to retain all payments made prior thereto by the Debtor hereunder. In the event of repossession of the Property, Holder shall have all rights and remedies provided and permitted by law.

In addition to your contractual obligations, please note that it is unlawful to fail to return a motor vehicle subject to a security interest within 30 days after receiving notice of default. Notice of default will be mailed to the address on this Contract and it is the responsibility of the owner to keep the listed address current. The unlawful failure to return a motor vehicle subject to a security interest is a class 6 felony punishable by up to 1.5 years' imprisonment (2 years with aggravating factors) and a $150,000 fine.

**11. SETOFF:** Any indebtedness owing from Holder to Debtor and any property and assets of Debtor in possession of Holder may be setoff and applied by Holder on any and all indebtedness or liability owing from Debtor to Holder under this Contract, at any time and from time to time, either before or after maturity, and without demand upon or notice to anyone.

**12. GENERAL:** This Contract shall be governed by the laws of the State of Arizona. All terms used herein which are defined in the Uniform Commercial Code of Arizona shall have the same meaning herein as in the Code. Any provisions found to be invalid shall not invalidate the remainder hereof. Waiver of any default shall not constitute waiver of any subsequent default. If this Contract is signed by more than one Debtor, the singular word "Debtor" shall include the plural, and the obligations of all such Debtors shall be joint and several. "Seller" means the selling dealer and initial "Holder". After assignment, "Holder" means the financing institution to which Seller sells and assigns this debt and security instrument (sometimes called "Assignee" herein). All words used herein shall be construed to be of such gender and number as the circumstances require and all references herein to Debtor shall include all other persons primarily or secondarily liable hereunder. This Contract shall be binding upon the heirs, personal representatives, successors and assigns of Debtor and inure to the benefit of Holder, its successors and assigns. This Contract constitutes the entire agreement between the parties and may not be altered or amended except by a writing signed by the Debtor and Holder.

## SELLER'S ASSIGNMENT AND WARRANTY

For value received, Seller hereby sells, assigns and transfers to Holder (Assignee), all rights, title and interest in and to the within Contract, the Property and goods therein described and all monies due and to become due thereunder. Seller warrants that the signature of Debtor herein is genuine, that the title to the aforesaid Property rests in Seller; that the cash downpayment shown has actually been received by Seller and no part thereof was loaned to Buyer by or through Seller; that the Property is free from any liens and/or encumbrances except the lien and/or encumbrances created by this Contract, that the Property has been delivered into the possession of Debtor named therein; that Debtor was of legal age and competent to execute this Contract at date hereof; and that the Property was not salvage, and that, if this transaction is subject to regulation by any state or federal law or trade rule/regulation, including, but not limited to, the Federal Consumer Credit Protection Act, Truth in Lending Simplification and Reform Act, Magnuson-Moss Warranty – Federal Trade Commission Improvement Act, Equal Credit Opportunity Act or State Home Solicitation and Referral Sales Act, the transaction was consummated in strict compliance with such law(s) and any regulations promulgated pursuant thereto and that before offering to sell this Contract to Assignee, the requisite period, wherein Buyer had the right to rescind such transaction had expired and such Buyer had not rescinded the transaction, that this Contract and debt evidenced thereby is not, and will not be subject to any claims, disputes, complaints, offsets, counterclaims or defenses of any kind during the time the said debt remains unpaid; and that this Contract, or a financing statement covering the collateral described in this Contract, has been duly filed of record with the proper governmental office or agency to the extent and in the manner necessary to perfect an uninterrupted paramount purchase money security interest in Seller or its Assignee.

Seller unconditionally guarantees to Assignee the full and immediate payment and performance of this Contract with respect to which any one or more of the foregoing warranties or representations is breached or false and hereby agrees to repurchase this Contract upon the occurrence of any such breach of warranty or false representation immediately, upon demand by Assignee, for a cash amount equal to the net unpaid balance of the Contract by direct cash payment from Seller to Assignee and not by recourse to or adjustment in any dealer reserve or other such accounts. Seller further hereby agrees to indemnify and hold Assignee harmless from all loss, claims, damages, costs, expenses and attorney's fees incurred or sustained by Assignee resulting from or arising out of such obligations under this Contract determined to be due to any claim or defense Buyer may now or in the future have against Seller relating to the transaction herein described. If the Assignee's and/or Seller's rights and duties hereunder be placed in the hands of an attorney for interpretation or enforcement, the prevailing party shall be entitled to receive and collect from the losing party all court costs and expenses incurred plus reasonable attorney's fees.

Seller waives all demand and notices of default and consents that, without notice to the Seller, Assignee may extend time of payments or compound or release by operation of law or otherwise any rights against Buyer or any other obligor. Assignee shall not be bound to take any steps necessary to preserve any rights in this Contract or any accompanying agreements or documents against prior parties, which Seller hereby agrees to do.

IT IS EXPRESSLY UNDERSTOOD AND AGREED that any method of assignment herein provided shall not be deemed to relieve Seller of and from any liability for the breach of any warranties, representations or agreements contained herein or in this Contract.

## GUARANTY

Undersigned, jointly and severally, guarantee payment of all amounts owing under this Contract and the payment upon demand of the entire amount owing on this Contract in the event of default in payment by Buyer named therein. Undersigned waives notice of performance, demands for performance, notice of non-performance, protests, notice of protests, notice of dishonor, notice of acceptance of this Guaranty, of any extensions in time of payment, of sale of any of the collateral and of all other notices to which the undersigned would be otherwise entitled by law and agrees to pay all amounts owing thereunder upon demand, without requiring any action or proceeding against Buyer, and specifically waives any right to require action against Buyer as provided in Title 12, Chapter 9, Article 9, A.R.S. (1956). Undersigned agree to deliver to Seller or, after assignment, to Assignee timely financial statements and any other information relating to the Undersigned's financial condition as may be reasonably requested.

DATED AT ____________ GUARANTOR ____________

DATED AT ____________ GUARANTOR ____________

---

State of Arizona County of Pima

On this 31st day of August, 2011

I certify that the Invoice document is a true, exact, complete and unaltered copy of the original

Letticia Armellini, Notary Public

My Commission Expires Jan 22 2013

OFFICIAL SEAL
LETTICIA ARMELLINI
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 22, 2013

Exhibit P-F Pg 3







OFFICIAL SEAL
LETTICIA ARMELLINI
NOTARY PUBLIC-ARIZONA
**PIMA COUNTY**
My Comm. Exp. Jan. 22, 2013



04/08/2011

VIRGIL K STIMER
GENERAL DELIVERY
TUCSON, AZ 85726-9999

| | |
|---|---|
| Original Financed Amount | $225,439.94 |
| Balance Remaining** | $142,170.93 |
| Maturity Date | 05/03/2022 |

State of Arizona      County of Pima
On this _31st_ day of _August_, 20 _11_
I certify that the _Valued Customer Note_
document is a true, exact, complete and unaltered copy
of the original

_Letticia Armellini_, Notary Public
My Commission Expires _Jan 22, 2013_

# Dear Valued Customer,

CURRENT GE Account Number - 0010006100157477
NEW Santander Consumer USA Account Number - 30000183544851000

Santander Consumer USA Inc. recently entered into an agreement with GEMB Lending Inc./GE Money Bank to service your retail installment contract or direct note for your recreational vehicle or marine watercraft (collectively, "Vehicle"). **Effective April 4, 2011, your contract or direct note will be serviced by Santander Consumer USA.** Please note that the current lienholder of your vehicle will not change.

This service transfer does not affect the current terms of your retail installment contract or direct note. Your new account number with Santander Consumer USA is 30000183544851000.

» **If you currently pay your monthly bill using automatic bank draft,** your regularly scheduled automatic payments will continue without interruption, although the receiving bank notation on your receipt will change to Santander Consumer USA Inc.

» You will soon receive a new monthly account statement from Santander Consumer USA that contains instructions for submitting your payment. You may also securely view, manage and make payments for your account online by enrolling at www.MyAutoAccount.com. You will need a valid e-mail address and your social security number to establish an online account. The Web site also allows you to sign up for online statements if you prefer to receive your monthly account summary via e-mail.

**Beginning 4/4/11, please direct all correspondence and payments concerning your account to Santander Consumer USA.**

| **Correspondence** | **Payments** | **Online & Phone** |
|---|---|---|
| *(For non-payment correspondence only)* | See the information below regarding payment options, or sign up to pay online in the My Account area of www.MyAutoAccount.com | Manage your account anytime in the My Account area of **www.MyAutoAccount.com** |
| Santander Consumer USA Inc. P.O. Box 961245 Fort Worth, TX 76161-1245 | | Call toll-free at 1.888.222.4227 Mon-Thur. 7 a.m. - 11 p.m. Central Fri 7 a.m. - 9 p.m. Central Sat - Sun 7 a.m. - 5 p.m. Central |

## ADDITIONAL INFORMATION ABOUT PAYMENTS

Your monthly Vehicle account statement will include a detachable payment coupon, return envelope and instructions for mailing your payment to Santander Consumer USA via regular mail. Your statement will also include your available options for making an expedited payment.

If you would like to pay your bill using automatic bank draft, you may enroll in Santander Consumer USA's Auto Pay program and have your monthly payment deducted from your personal checking or savings account by your payment due date. Sign up online at www.MyAutoAccount.com or complete the Auto Pay Authorization on the back of your statement coupon.

**SEE BACK FOR AN IMPORTANT NOTICE OF YOUR RIGHTS.**

*Continued on reverse side*

**Exhibit P-F** *pg 4*

OFFICIAL SEAL
LETTICIA ARMELLINI
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Expires Jan. 21, 2015

State of Arizona
County of Pima
On this 31st day of August, 20 11
I certify that the HUDLOC document is a true, exact, complete and unaltered copy of the original.

Notary Public
My Commission Expires

**Payment Amount:** $1,249.15 **Customer:** VIRGIL K STIMER **Next Due Date:** 6/3/2011 **DPD:** 65 **Current Balance:** $140,379.26 **Principal Balance:** $140,379.26 **Past Due Amount:** $3,730.35

| Date Post | Date Effective | Tran Type | Tran Description | Cash | Tran Amount | Current Balance | Principal Balance | Tran Principal | Tran Interest | Tran Late Charge | Tran Misc Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/14/2011 | 07/14/2011 | Late charge assessment | System Generated Transaction | N | $10.00 | $140,379.26 | $140,379.26 | $0.00 | $0.00 | $10.00 | $0.00 |
| 06/14/2011 | 06/14/2011 | Late charge assessment | System Generated Transaction | N | $10.00 | $140,379.26 | $140,379.26 | $0.00 | $0.00 | $10.00 | $0.00 |
| 05/03/2011 | 05/03/2011 | System allocated payment | Lockbox GE | Y | ($1,250.00) | $140,379.26 | $140,379.26 | ($914.35) | $335.65 | $0.00 | $0.00 |
| 04/04/2011 | 04/04/2011 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $141,293.61 | $141,293.61 | ($877.32) | $372.68 | $0.00 | $0.00 |
| 03/03/2011 | 03/03/2011 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $142,170.93 | $142,170.93 | ($898.40) | $351.60 | $0.00 | $0.00 |
| 02/01/2011 | 02/01/2011 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $143,069.33 | $143,069.33 | ($1,084.68) | $510.35 | $0.00 | $0.00 |
| 01/18/2011 | 01/18/2011 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $144,154.01 | $144,154.01 | ($729.65) | $510.35 | $0.00 | ($10.00) |
| 01/13/2011 | 01/13/2011 | Late charge assessment | Late Fee | N | $10.00 | $144,883.66 | $144,883.66 | $0.00 | $0.00 | $10.00 | $0.00 |
| 12/06/2010 | 12/06/2010 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $144,883.66 | $144,883.66 | ($784.62) | $465.38 | $0.00 | $0.00 |
| 10/28/2010 | 10/28/2010 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $145,668.28 | $145,668.28 | ($1,009.69) | $240.31 | $0.00 | $0.00 |
| 10/08/2010 | 10/08/2010 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $146,677.97 | $146,677.97 | ($875.30) | $374.70 | $0.00 | $0.00 |
| 09/07/2010 | 09/07/2010 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $147,553.27 | $147,553.27 | ($927.68) | $322.32 | $0.00 | $0.00 |
| 07/26/2010 | 07/26/2010 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $148,280.95 | $148,280.95 | ($932.80) | $322.80 | $0.00 | $0.00 |
| 06/30/2010 | 06/30/2010 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $149,210.15 | $149,210.15 | ($967.00) | $282.96 | $0.00 | $0.00 |
| 06/07/2010 | 06/07/2010 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $150,180.19 | $150,180.19 | ($841.75) | $408.25 | $0.00 | $0.00 |
| 05/05/2010 | 05/05/2010 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $151,021.94 | $151,021.94 | ($926.37) | $323.63 | $0.00 | $0.00 |
| 04/06/2010 | 04/06/2010 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $151,948.31 | $151,948.31 | ($774.59) | $475.41 | $0.00 | $0.00 |
| 03/02/2010 | 03/02/2010 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $152,722.90 | $152,722.90 | ($973.01) | $276.99 | $0.00 | $0.00 |
| 02/08/2010 | 02/08/2010 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $153,695.91 | $153,695.91 | ($895.41) | $354.59 | $0.00 | $0.00 |
| 01/11/2010 | 01/11/2010 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $154,591.32 | $154,591.32 | ($804.41) | $445.53 | $0.00 | $0.00 |
| 12/07/2009 | 12/07/2009 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $155,395.79 | $155,395.79 | ($802.16) | $447.84 | $0.00 | $0.00 |
| 11/02/2009 | 11/02/2009 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $156,197.95 | $156,197.95 | ($889.68) | $360.32 | $0.00 | $0.00 |
| 10/05/2009 | 10/05/2009 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $157,087.63 | $157,087.63 | ($836.03) | $413.97 | $0.00 | $0.00 |
| 09/03/2009 | 09/03/2009 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $157,923.66 | $157,923.66 | ($613.63) | $636.37 | $0.00 | $0.00 |
| 07/16/2009 | 07/16/2009 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $158,537.29 | $158,537.29 | ($845.26) | $404.74 | $0.00 | $0.00 |
| 06/15/2009 | 06/15/2009 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $159,382.55 | $159,382.55 | ($895.50) | $354.50 | $0.00 | $0.00 |
| 05/19/2009 | 05/19/2009 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $160,278.05 | $160,278.05 | ($801.36) | $448.64 | $0.00 | $0.00 |
| 04/15/2009 | 04/15/2009 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $161,079.41 | $161,079.41 | ($944.73) | $305.27 | $0.00 | $0.00 |
| 03/23/2009 | 03/23/2009 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $162,004.14 | $162,004.14 | ($876.35) | $373.65 | $0.00 | $0.00 |
| 02/23/2009 | 02/23/2009 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $162,900.49 | $162,900.49 | ($874.35) | $375.65 | $0.00 | $0.00 |
| 01/26/2009 | 01/26/2009 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $163,774.84 | $163,774.84 | ($738.37) | $511.63 | $0.00 | $0.00 |
| 12/19/2008 | 12/19/2008 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $164,513.21 | $164,513.21 | ($871.70) | $378.30 | $0.00 | $0.00 |
| 11/21/2008 | 11/21/2008 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $165,384.91 | $165,384.91 | ($869.70) | $380.30 | $0.00 | $0.00 |
| 10/24/2008 | 10/24/2008 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $166,254.61 | $166,254.61 | ($1,004.05) | $245.95 | $0.00 | $0.00 |
| 10/06/2008 | 10/06/2008 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $167,258.66 | $167,258.66 | ($687.37) | $562.53 | $0.00 | ($0.10) |
| 08/26/2008 | 08/26/2008 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $167,946.03 | $167,946.03 | ($849.25) | $399.90 | $0.00 | ($0.85) |
| 07/28/2008 | 07/28/2008 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $168,795.28 | $168,795.28 | ($985.62) | $263.53 | $0.00 | ($0.85) |
| 07/09/2008 | 07/09/2008 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $169,780.90 | $169,780.90 | ($858.83) | $390.32 | $0.00 | ($0.85) |
| 06/11/2008 | 06/11/2008 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $170,639.73 | $170,639.73 | ($577.75) | $671.40 | $0.00 | ($0.85) |
| 04/24/2008 | 04/24/2008 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $171,217.48 | $171,217.48 | ($939.74) | $309.41 | $0.00 | ($0.85) |
| 04/02/2008 | 04/02/2008 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $172,157.22 | $172,157.22 | ($881.60) | $367.55 | $0.00 | ($0.85) |
| 03/07/2008 | 03/07/2008 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $173,038.82 | $173,038.82 | ($851.39) | $397.76 | $0.00 | ($0.85) |
| 02/08/2008 | 02/08/2008 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $173,890.21 | $173,890.21 | ($806.73) | $442.42 | $0.00 | ($0.85) |
| 01/08/2008 | 01/08/2008 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $174,696.94 | $174,696.94 | ($932.91) | $316.24 | $0.00 | ($2.25) |
| 12/17/2007 | 12/17/2007 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $175,829.85 | $175,829.85 | ($684.46) | $563.29 | $0.00 | ($0.85) |
| 12/13/2007 | 12/13/2007 | Late charge assessment | Late Fee | N | $10.00 | $176,314.31 | $176,314.31 | $0.00 | $0.00 | $10.00 | $0.00 |
| 11/08/2007 | 11/08/2007 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $177,129.01 | $177,129.01 | ($814.70) | $435.30 | $0.00 | ($0.30) |
| 10/09/2007 | 10/09/2007 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $177,970.50 | $177,970.50 | ($841.49) | $408.21 | $0.00 | ($0.39) |
| 09/11/2007 | 09/11/2007 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | | | ($751.37) | $497.78 | $0.00 | ($0.85) |

Exhibit P-F
Pg. 5

State of Arizona
County of Pima
On this 31st day of August, 20__
I certify that the within _____
document is a true, correct copy _____

[Notary seal] OFFICIAL SEAL
LETTICIA ARMELLINI
NOTARY PUBLIC-ARIZONA
MARICOPA COUNTY
My Comm. Exp. Jan. 31, 2004

My Commission Expires _____

| Posting Date | Effective Date | Description | Payment Type | Flag | Amount | Balance | Principal | Interest | Fee | Adj |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/13/2007 | 07/13/2007 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $178,721.87 | ($866.65) | $382.50 | $0.00 | ($0.85) |
| 06/11/2007 | 06/11/2007 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $179,588.52 | ($776.35) | $472.80 | $0.00 | ($0.85) |
| 05/08/2007 | 05/08/2007 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $180,364.87 | ($744.72) | $504.43 | $0.00 | ($0.85) |
| 04/11/2007 | 04/11/2007 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $181,109.59 | ($846.70) | $402.45 | $0.00 | ($0.85) |
| 03/13/2007 | 03/13/2007 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $181,956.29 | ($829.90) | $419.25 | $0.00 | ($0.85) |
| 03/23/2007 | 03/14/2007 | Waive late charge fee | Late Fee | N | ($10.00) | $182,786.19 | ($737.99) | $511.16 | ($10.00) | $0.00 |
| 02/08/2007 | 02/08/2007 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $183,524.18 | ($826.31) | $422.84 | $0.00 | ($0.85) |
| 01/11/2007 | 01/11/2007 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $184,350.49 | ($809.28) | $439.87 | $0.00 | ($0.85) |
| 12/13/2006 | 12/13/2006 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $185,159.77 | ($731.41) | $517.74 | $0.00 | ($0.85) |
| 11/09/2006 | 11/09/2006 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $185,891.18 | ($820.88) | $428.27 | $0.00 | ($0.85) |
| 10/12/2006 | 10/12/2006 | System allocated payment | Converted Regular Payment | Y | ($1,250.00) | $186,712.06 | ($788.37) | $460.78 | $0.00 | ($0.85) |
| 09/12/2006 | 09/12/2006 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $187,500.43 | ($705.52) | $539.63 | $0.00 | $0.00 |
| 08/08/2006 | 08/08/2006 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $188,209.95 | ($846.49) | $402.66 | $0.00 | $0.00 |
| 07/13/2006 | 07/13/2006 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $189,056.44 | ($767.10) | $482.05 | $0.00 | $0.00 |
| 06/12/2006 | 06/12/2006 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $189,823.54 | ($718.45) | $530.70 | $0.00 | $0.00 |
| 05/02/2006 | 05/02/2006 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $190,541.99 | ($819.89) | $429.26 | $0.00 | $0.00 |
| 04/12/2006 | 04/12/2006 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $191,361.88 | ($720.16) | $528.99 | $0.00 | $0.00 |
| 03/09/2006 | 03/09/2006 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $192,082.04 | ($790.96) | $458.19 | $0.00 | $0.00 |
| 02/08/2006 | 02/08/2006 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $192,873.00 | ($804.91) | $444.24 | $0.00 | $0.00 |
| 01/11/2006 | 01/11/2006 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $193,677.91 | ($723.63) | $525.52 | $0.00 | $0.00 |
| 12/09/2005 | 12/09/2005 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $194,401.54 | ($769.51) | $479.64 | $0.00 | ($0.30) |
| 11/09/2005 | 11/09/2005 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $195,171.05 | ($783.64) | $465.51 | $0.00 | ($0.30) |
| 10/11/2005 | 10/11/2005 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $195,954.69 | ($701.42) | $547.73 | $0.00 | ($0.30) |
| 09/07/2005 | 09/07/2005 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $196,656.11 | ($763.98) | $485.17 | $0.00 | ($0.30) |
| 09/09/2005 | 08/08/2005 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $197,420.09 | ($729.73) | $519.42 | $0.00 | $0.00 |
| 09/09/2005 | 07/07/2005 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $198,149.82 | ($760.32) | $488.83 | $0.00 | $0.00 |
| 09/09/2005 | 06/07/2005 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $198,910.14 | ($709.52) | $539.63 | $0.00 | $0.00 |
| 09/09/2005 | 05/05/2005 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $199,619.66 | ($855.01) | $394.14 | $0.00 | $0.00 |
| 09/09/2005 | 04/11/2005 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $200,474.67 | ($688.87) | $560.28 | $0.00 | $0.00 |
| 09/09/2005 | 03/08/2005 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $201,163.54 | ($802.44) | $446.71 | $0.00 | $0.00 |
| 09/09/2005 | 02/09/2005 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $201,965.98 | ($767.54) | $481.61 | $0.00 | $0.00 |
| 09/09/2005 | 01/11/2005 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $202,733.52 | ($700.25) | $548.90 | $0.00 | $0.00 |
| 09/09/2005 | 12/09/2004 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $203,433.77 | ($732.10) | $517.05 | $0.00 | $0.00 |
| 09/09/2005 | 11/08/2004 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $204,165.87 | ($730.25) | $518.90 | $0.00 | $0.00 |
| 09/09/2005 | 10/08/2004 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $204,896.12 | ($761.92) | $487.23 | $0.00 | $0.00 |
| 09/09/2005 | 09/09/2004 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $205,658.04 | ($726.48) | $522.67 | $0.00 | $0.00 |
| 09/09/2005 | 08/09/2004 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $206,384.52 | ($707.77) | $541.38 | $0.00 | $0.00 |
| 09/09/2005 | 07/08/2004 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $207,092.29 | ($858.41) | $390.74 | $0.00 | $0.00 |
| 09/09/2005 | 06/15/2004 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $207,950.70 | ($550.79) | $698.36 | $0.00 | $0.00 |
| 09/09/2005 | 05/05/2004 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $208,501.49 | ($753.40) | $495.75 | $0.00 | $0.00 |
| 09/09/2005 | 04/06/2004 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $209,254.89 | ($751.62) | $497.53 | $0.00 | $0.00 |
| 09/09/2005 | 03/08/2004 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $210,006.51 | ($801.38) | $447.77 | $0.00 | $0.00 |
| 09/09/2005 | 02/11/2004 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $210,807.89 | ($730.71) | $518.44 | $0.00 | $0.00 |
| 09/09/2005 | 01/12/2004 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $211,538.60 | ($589.34) | $659.81 | $0.00 | $0.00 |
| 09/09/2005 | 12/05/2003 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $212,127.94 | ($760.85) | $488.30 | $0.00 | $0.00 |
| 09/09/2005 | 11/07/2003 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $212,888.79 | ($706.73) | $542.42 | $0.00 | $0.00 |
| 09/09/2005 | 06/13/2004 | Late charge assessment | Late Fee | N | $10.00 | $208,501.49 | $0.00 | $0.00 | $10.00 | ($10.00) |
| 09/09/2005 | 10/07/2003 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $213,555.52 | ($775.01) | $474.14 | $0.00 | $0.00 |
| 09/09/2005 | 09/10/2003 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $214,370.53 | ($597.60) | $651.55 | $0.00 | $0.00 |
| 09/09/2005 | 08/04/2003 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $215,257.74 | ($499.64) | $749.51 | $0.00 | $0.00 |
| 09/09/2005 | 07/09/2003 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $215,917.74 | ($659.81) | $589.34 | $0.00 | $0.00 |
| 09/09/2005 | 06/06/2003 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $216,421.85 | ($664.11) | $585.04 | $0.00 | $0.00 |

| A | B | C | D | E | F | G | H | I | J | K |
|---|---|---|---|---|---|---|---|---|---|---|
| 05/07/2003 | 05/07/2003 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $217,137.38 | ($713.78) | ($535.37) | $0.00 | $0.00 |
| 04/07/2003 | 04/07/2003 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $217,851.16 | ($747.76) | ($501.39) | $0.00 | $0.00 |
| 03/10/2003 | 03/10/2003 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $218,598.92 | ($763.97) | ($485.18) | $0.00 | $0.00 |
| 02/11/2003 | 02/11/2003 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $219,362.89 | ($672.36) | ($576.79) | $0.00 | $0.00 |
| 01/10/2003 | 01/10/2003 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $220,035.25 | ($670.61) | ($578.54) | $0.00 | $0.00 |
| 12/09/2002 | 12/09/2002 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $220,705.86 | ($741.22) | ($507.93) | $0.00 | $0.00 |
| 11/11/2002 | 11/11/2002 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $221,447.08 | ($739.52) | ($509.63) | $0.00 | $0.00 |
| 10/14/2002 | 10/14/2002 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $222,186.60 | ($628.57) | ($620.58) | $0.00 | $0.00 |
| 10/13/2002 | 10/13/2002 | Late charge assessment | Late Fee | N | $10.00 | $222,815.17 | $0.00 | $10.00 | $0.00 | $0.00 |
| 09/10/2002 | 09/10/2002 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $222,815.17 | ($663.34) | ($585.81) | $0.00 | $0.00 |
| 08/09/2002 | 08/09/2002 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $223,478.51 | ($606.67) | ($642.48) | $0.00 | $0.00 |
| 07/05/2002 | 07/05/2002 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $224,085.18 | ($733.50) | ($515.65) | $0.00 | $0.00 |
| 06/07/2002 | 06/07/2002 | System allocated payment | Converted Regular Payment | Y | ($1,249.15) | $224,818.68 | ($621.26) | ($627.89) | $0.00 | $0.00 |

State of Arizona        County of Pima
On this 31st day of August, 2011
I certify that the Invoice
document is a true, exact, complete and unaltered copy
of the original.

Letticia Armellini, Notary Public
My Commission Expires Jan 22 2013



OFFICIAL SEAL
LETTICIA ARMELLINI
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 22, 2013

# Update Notice

## Postal Operations Manual, POM Issue 9
## July 2002

***Postal Operations Manual, POM Issue 9,*** was last printed in July 2002. To inform you of changes since that time, we periodically update this online edition of the POM. We use vertical bars (i.e., revision bars) in the margin to indicate text changed since July 2002.

This online version of the POM has been updated with *Postal Bulletin* articles through January 17, 2008, as follows:

| This chapter, sub- chapter, part, or section... | titled... | was... | in *Postal Bulletin* issue number... | with an issue date of... |
|---|---|---|---|---|
| Entire handbook | *Postal Operations Manual* | updated to replace all instances of the word "insured" with Insured mail® where it refers to a mail service. | 22127 | 4-29-2004 |
| **Chapter 1, Retail Management** | | | | |
| 123.6 and 123.7 | Discontinuation of Post Offices, and Emergency Suspension of Service | revised to include recent policy changes to the approval/ disapproval authority for Post Office closing final determinations. | 22124 | 3-18-2004 |
| 123.622 | ZIP Code Assignment | revised to include recent policy changes related to ZIP Code retention at discontinued facilities. | 22124 | 3-18-2004 |
| 123.72 | Suspension Review Team | added to revise emergency suspension procedures. | 22124 | 3-18-2004 |
| 123.81 | Notice to Postal Officials | revised to correct the approval authority for the discontinuance of Post Offices. | 22130 | 6-10-2004 |
| Exhibit 125.343 | Mandatory Public Information to be Available | revised to reflect signage language in Post Offices. | 22187 | 8-17-2006 |
| 143 | INTELPOST Service | deleted to reflect the fact that INTELPOST (international electronic post) service is no longer available. | 22124 | 3-18-2004 |
| 144 through 147 | Photocopy Service | renumbered as 143 through 146. | 22124 | 3-18-2004 |
| 146.1 | Processing Refunds for Postage Stamps on Business Reply Mail, Postage Meter Stamps, Meter Impressions, Permit Imprints or Rejected Personalized Envelopes | revised to allow all Post Offices to process refunds for postage requested. | 22088 | 10-31-2002 |

842.45 **Surrender of Service**

Caller service is surrendered when the caller does at least one of the following:

a.  Submits a permanent change-of-address order.

b.  Fails or refuses to pay the pertinent fee due.

c.  Submits a written notice to discontinue the service.

842.46 **Disposition of Mail**

842.461 **Destination Caller Service**

When destination caller service is ended by a final Postal Service decision, the postmaster must give written notice to the caller that mail addressed to him or her at the caller number is thereafter to be forwarded according to a valid change-of-address order if one is submitted, or transferred to general delivery for holding the current time limit for forwarding. After the applicable period, all mail so addressed is handled as undeliverable. However, this procedure does not preclude compliance with the sender's request for a specific holding period under DMM F030.

842.462 **Accelerated Reply Mail (Origin Caller Service)**

When accelerated reply mail (origin caller service) is surrendered by the customer or ended by the Postal Service, mail continues to be separated for the accelerated reply mail (origin caller service) until the barcode sortation schemes can be revised to permit the mail to be processed to the destination address on the mail.

843 **General Delivery**

843.1 **Delivery**

Place mail endorsed with "Transient, To Be Called for General Delivery," or similar words in the general delivery case for delivery to the addressee on presentation of identification. Inbound foreign-originated articles can be endorsed "Poste Restante" (French for "General Delivery").

843.2 **Retention**

Hold general delivery mail for no more than 30 days, unless otherwise requested. Return accountable mail as instructed under 683.25.

844 **Other Deliveries**

In all other cases, provide the services in 841, 842, or 843 to customers who want to call for their mail at a postal unit.

845 **Firm Holdout**

See DMM D930.2.0.

Exhibit P-G   pg 2

**Santander** CONSUMER

State of Arizona   County of Pima
On this 31st day of August, 2011
I certify that the (deed in to)
document is a true, exact, complete and unaltered copy
of the original.

Letticia Armellini   (Notary Seal)
My Commission Expires   Jan 22 2013

OFFICIAL SEAL
LETTICIA ARMELLINI
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 22, 2013

## ACCOUNT INFORMATION

☒ VIRGIL K STIMER
GENERAL DELIVERY
TUCSON, AZ 85726-9999

### Summary As Of: 04/18/2011

| | | | |
|---|---|---|---|
| Account Number: | 8354485 | Reg Payments due on: | 3rd |
| Balance: | $141,455.65 | Reg Payment Amount: | $1,249.15 |
| Payments Made: | 107 | Maturity Date: | 05/03/2022 |
| Last Payment Made: | | Last Payment Amount: | |

### Account Status as of: 04/18/2011

Payments Due:

| | | | |
|---|---|---|---|
| 05/03/2011 | $1,232.90 | Fees: | $0.00 |
| | | Late Charges: | $0.00 |
| | | Past Due Amount: | $0.00 |
| | | Total Amount Due: | $1,232.90 |

### Activity Since Your Last Statement

## PAYMENT INFORMATION

▶ **Pay Online - santanderconsumerusa.com**
We accept payments from checking/savings accounts, credit and pinless debit/ATM cards. You can make a one-time payment or set up a recurring online payment plan. A convenience fee may be charged for using this service.

▶ **Pay By Phone - 1-888-222-4227**
Make your payment by phone anytime. Please have your number from your checking, savings, credit card or pinless debit/ATM account ready when you call. You will also need your Santander Consumer USA account number.

### Money Gram
Use Money Gram to make your payment. Bring your payment and fee in cash to the agent nearest you. Call toll-free 1-800-555-3133 for the Money Gram location nearest you. You will need the following information:

| | |
|---|---|
| Receive Code: | 1544 |
| Your account number: | 8354485 |

### Western Union
Use Western Union Quick Collect to make your payment. Bring your payment and the fee in cash to an agent near you, or use the Quick Collect by Phone service and pay with a VISA or MasterCard issued debit or credit card. Call toll-free 1-800-325-6000 for the agent location nearest you. You will need the following information:

| | |
|---|---|
| Code City: | PITSTOP |
| State Code: | TX |
| Your account number: | 8354485 |

1167846

▶ **Payment Information**
For prompt and accurate processing of your payment, please write your account number on your check and return it with the lower portion of this statement in the envelope provided.

⬆ To receive proper credit, please detach and return your payment and indicate amount paid. ⬆

---

**Santander** CONSUMER

**VIRGIL K STIMER**

☐ ◀ If you are taking advantage of our automatic payment plan or have an address change, please check the box and fill out the reverse side.

▶ **Alerts**

Please make all checks payable to Santander Consumer USA. If you are sending in additional money to reduce your balance, please indicate below.

| | |
|---|---|
| Payment Due Date: | 05/03/2011 |
| Account Number: | 8354485 |
| ▶ TOTAL DUE: | $1,232.90 |
| Additional Payment: | $ _____ |
| Total Amount Enclosed: | $ _____ |

SANTANDER CONSUMER USA
PO BOX 660633
DALLAS, TX 75266-0633

Exhibit P-H   p3 1

PRESORTED
FIRST CLASS
MAIL
US POSTAGE
PAID
TWMS

MAY 29 2011

**Santander**
CONSUMER

P.O. BOX 961245 | Fort Worth, TX 76161-1245

ADDRESS SERVICE REQUESTED

**State of Arizona**      County of Pima
On this  B14    day of August   , 20 11
I certify that the same copy
document is a true, exact, complete and unaltered copy
of the original.

_Letticia Armellini_ Notary Public
My Commission Expires  Jan 22  2013

OFFICIAL SEAL
LETTICIA ARMELLINI
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 22, 2013

Exhibit P-H   pg. 2

# Santander
## CONSUMER

ACCOUNT INFORMATION

| | |
|---|---|
| Account Number | 8354485 |
| Account Status | Past Due |
| Statement Date | 06/13/2011 |
| Payment Due Date | 06/03/2011 |
| Payment Amount | $1,249.15 |
| Payments Made | 108 |
| Maturity Date | 05/03/2022 |
| Balance | $140,850.74 |
| Past Due Amount | $1,232.05 |
| Unpaid Fees & Charges | $0.00 |

VIRGIL K STIMER
GENERAL DELIVERY
TUCSON, AZ 85726-9999

**TOTAL AMOUNT DUE**

# $2,481.20

## ACCOUNT ALERTS & IMPORTANT MESSAGES

Your account is 9 days delinquent

OFFICIAL SEAL
LETTICIA ARMELLINI
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan 22, 2013

## ACCOUNT ACTIVITY SINCE LAST STATEMENT

State of Arizona    County of Pima
On this 31st day of August, 2011
I certify that the Account Info
document is a true, exact, complete and unaltered copy
of the original.

_Letticia Armellini_ Notary Public
My Commission Expires Jan 22 2013

| Description | Date | Amount |
|---|---|---|

Pay Online at MyAutoAccount.com.

Pay by Phone at 1-888-222-4227.

MoneyGram or Western Union.

*See reverse for additional payment options.*

Questions? Go to **MyAutoAccount.com** or call Toll-Free **1-888-222-4227**.

## SPECIAL OFFERS

### Use MoneyGram to pay your bill with cash today.

MoneyGram services* are at 35,000 agent locations nationwide including all Walmart and CVS/pharmacy stores nationwide. Click www.moneygram.com/SantanderUSA or call 1-800-926-9400 to find a location near you. And be sure to use **Receive Code 1544**.

**MoneyGram.**

ADVANCE AMERICA CASH ADVANCE     CVS/pharmacy     Walmart

*There is a fee for this service. MoneyGram® and the Globe are registered marks of MoneyGram. All other marks are owned by third parties. © 2011 MoneyGram. All rights reserved.*

## PAYMENT COUPON

↑ To receive proper credit, please detach and return your payment and indicate amount paid. ↑

# Santander
CONSUMER

Total Amount Due $2,481.20
Account Number 8354485
Due Date 06/03/2011

☐ **Take advantage of our automatic payment plan** or update your address. Please check the box and fill out reverse side.


1146068

SANTANDER CONSUMER USA
PO BOX 660633
DALLAS, TX 75266-0633

Please make all checks payable to Santander Consumer USA. If you are sending in additional money to reduce your balance, please indicate below.

| | |
|---|---|
| Total Amount Due | $2,481.20 |
| Additional Payment | $ |
| Total Amount Enclosed | $ |

Exhibit P-I   pg 6

030083544851000  00124915  00248120  2

 **Pay Online at MyAutoAccount.com.** We accept payments from checking/savings accounts, credit and pinless debit/ATM cards. You can make a one-time payment or set up a recurring online payment plan. A convenience fee may apply.

 **Pay by Phone at 1-888-222-4227.** Please have the account number from your checking, savings, credit card or pinless debit/ATM account ready when you call. You will also need your Santander Consumer USA account number.

 **MoneyGram or Western Union.** Express payments can be made using MoneyGram or Western Union Quick Collect. Please refer to the enclosed brochures or visit MyAutoAccount.com for details, including fees that may apply. Please note:

> » MoneyGram Receive Code is 1544.
> » Western Union City Code is PITSTOP, State Code is TX.

 **Pay by Mail.** Mail your payment, made out to Santander Consumer USA, to P.O. Box 660633, Dallas, TX 75266-0633. Write your account number on your check or money order and return it with the lower portion of your statement in the envelope that will be provided. To ensure payments are received in a timely manner, please mail your payment five to seven days before the due date.

 **Auto Pay.** Sign up today for Auto Pay and your monthly payments will automatically be deducted from your personal checking or savings account and credited to your account by the payment due date. You will never have to worry about a late or missing car payment again! It's smart, it's FREE, and it's easy!

> » **Visit MyAutoAccount.com to sign up**, or call us toll-free at 1-888-222-4227 and an account manager will be happy to assist you.
> » **To stop or cancel Auto Pay:** Simply provide us with a 30-day written notice from the customer who authorized the recurring ACH transactions on the relevant account, and we will process the cancellation.
> » **If you change financial institutions or accounts:** You may stop payment of a debit entry by providing written notification to both Santander Consumer USA and your financial institution prior to closing or changing your account.

⚠ **Late Payment Warning:** If we do not receive your payment(s) – including any fees or late charges that have been assessed – by the due date, you may have to pay a late fee. In addition, our service center associates will contact you for collection of payment.

**Automated Account Information -** Please visit our web site MyAutoAccount.com to obtain your payoff information, next payment due, date of last payment or to update your account at any time call toll-free 1-888-222-4227. You may also use this system to make a payment by phone. Follow the simple instructions that will guide you through our menu.

**Insurance -** Coverage is Mandatory Your contract includes a requirement to maintain an insurance policy on your vehicle that provides comprehensive and collision coverage and to have a Loss Payee and Additional Insured Endorsement. Please make sure this information is correctly disclosed on your policy. **Please visit our web site MyAutoAccount.com to update your policy information** at any time or call toll-free 1-888-222-4227.

**Notice to Customer**

If you choose to pay by check and your check is returned unpaid or insufficient or uncollected funds, you are giving the company permission, in advance, to electronically re-present this item and assess a return fee to your account as provided for and in an amount consistent with your contract and applicable state and federal laws. In the ordinary course of business, your check will not be provided to you with your bank statement, but a copy can be retrieved by contacting your financial institution.

To ensure Quality Customer Service, telephone calls may be subject to monitoring and/or recording. We may report information about your account to credit bureaus. Late payment(s), missed payment(s) or other default(s) on your account may be reflected in your credit report.

Accounts Receivable Conversion: By remitting a check for payment, you are authorizing Santander Consumer USA to use the information on your check to make a one-time electronic debit from your account at the financial institution indicated on your check where permitted by law. This electronic debit will be for the exact amount of your check. If an electronic debit is processed, the funds may be withdrawn from your account the same business day the payment is received, and your check will not be returned to your financial institution. This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

**Mail payoff checks to:** Santander Consumer USA, P.O. Box 660633, Dallas, TX 75266-0633.

**Send bankruptcy notifications to:** Santander Consumer USA, Attn: Bankruptcy Dept., P.O. Box 560284, Dallas, TX 75356-0284. All verbal communication regarding a bankruptcy needs to be made by calling (888) 437-4846.

**Mail your insurance information to:** Santander Consumer USA, P.O. Box 47260, Atlanta, GA 30362.

**Mail non-payment correspondence to:** Santander Consumer USA, P.O. Box 961245, Fort Worth, TX 76161-1245.

**Sign up for online statements and recurring payments,** visit the My Account section of MyAutoAccount.com and set up an online account. You will need a valid e-mail address and your social security number to get started.

---

**CHANGE OF ADDRESS/TELEPHONE INFORMATION**   (PLEASE PRINT)

Your Street Address

Your City

Home Phone           Work Phone           Cell Phone

Email Address

If the vehicle is being garaged at a location other than the new mailing address please enter to reflect the correct garaging location.

Vehicle Location Street

City                                State

 State of Arizona        County of Pima

On this 1st day of Sept 20 11 I certify that the Santander Consumer document is a true, exact, complete and unaltered copy of the original.

Temple T. Meeks
Notary Public

My Commission Expires Jan 9, 2013

[NOTARY SEAL]
OFFICIAL SEAL
TEMPLE T. MEEKS
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 9, 2013

**AUTO PAY AUTHORIZATION**   (PLEASE PRINT)

Name on the Account                SC USA Account Number

Financial Institution Name and Phone Number

○ Checking
○ Savings   Checking/Savings Account Number   ACH Routing Number

Amount to Debit        Start Date        Day of Month/Due Date

Primary Name on the Account        Date        Signature

Primary Name on the Account        Date        Signature

I hereby authorize Santander Consumer USA to initiate entries to my checking or savings account at the financial institution listed above to make my monthly auto payments if also authorize the financial institution to post all such entries to my account. I hereby agree to all the terms and conditions as listed above.

---

Change of address/telephone information or Auto Pay authorization may also be done online at MyAutoAccount.com.

Exhibit P-I   pg. 2

1/20

**Santander**

CONSUMER

P.O. BOX 961245 | Fort Worth, TX 76161-1245

ADDRESS SERVICE REQUESTED

State of Arizona          County of Pima
On this ___ day of _____, 20__
I certify that the _____
document is a true, exact, complete and unaltered copy
of the original.

_____, Notary Public

My Commission Expires _____

865726

JUL 20 2011

PRESORTED
FIRST CLASS
MAIL
US POSTAGE
PAID
TWMS

OFFICIAL SEAL
LETTICIA ARMELLINI
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Jan. 22, 2013

Exhibit P-I    pg. 3

## Table of Authorities

**15 U.S.C. § 1692c. (b). Communication with third parties**

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

**15 U.S.C. § 1692e.   False or misleading representations**

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

"(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action."

**15 U.S.C. §1692f.,Unfair practices**

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

**U.S.C. §1692g (b) Disputed debts**

"If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of

this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall

cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

**15 U.S.C. § 1692k.(d), Civil Liability**

**(d) Jurisdiction**
"An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

**Postal Operations Manual, section 843.1 843.2**

"843.1 Delivery
Place mail endorsed with "Transient, To Be Called for
General Delivery," or similar words in the general delivery
case for delivery to the addressee on presentation of
identification. Inbound foreign-originated articles can be

endorsed "Poste Restante" (French for "General Delivery").

843.2 Retention
Hold general delivery mail for no more than 30 days, unless
otherwise requested. Return accountable mail as instructed
under 683.25.