Virgil K. Stimer
General Delivery
Jackson Michigan 49201
520-609-3132



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VIRGIL K STIMER; | Case No. 4:11-CV-00557-TUC-FRZ |
| Plaintiff, | |
| vs. | MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| SANTANDER CONSUMER USA INC; | |
| Defendant. | |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, ("FRCP"), Rule 56.1 of the Rules of Practice of the U.S. District Court of the District of Arizona, ("LRCiv"), the 7/09/12 Order of the Court, (incorporated by reference, document # 77 of the CM/ECF docket report), Plaintiff files this Memorandum of Law in Response to Defendant's Motion for Summary Judgment, ("Memorandum"). Pursuant to FRCP 56(c)(4), this Memorandum is supported by an affidavit and said affidavit is attached as Exhibit A of Plaintiff's Controverting Statement of Facts Addressing Defendant's Statement of Facts in Support of Defendant's Motion for Summary Judgment and is incorporated by reference. Plaintiff can present genuine issues of fact that 1) Defendant is an ADMITTED debt collector in this matter and subject to provisions of 15 U.S.C. § 1692, and 2) that Plaintiff is not in breach

of any contract between Plaintiff and Defendant for the monthly payments concerning a 2001 Safari Serengeti motorhome, ("Motorhome"). Defendant has failed to prove a nexus between Plaintiff and Defendant for breach of contract and has even attempted without a court order, to illegally take possession of Plaintiff's motorhome. Defendant Santander Consumer USA has brought this frivolous counter-claim for breach of contract for the purpose of intimidation, harassment and for the purpose of depriving Plaintiff of his property under the color of law.

## MEMORANDUM OF THE POINTS AND AUTHORITIES

**I.  DEFENDANT'S EXHIBITS SHOW GENUINE ISSUEs OF FACT**

Defendant denies being a debt collector. *See* the Controverting Statement of Facts Addressing Defendant's Statement of Facts in Support of Defendant's Motion For Summary Judgment, ("CSOF") ¶ 104. Defendant has sent letters to Plaintiff admitting to being a debt collector. *See* **CSOF ¶ 105**. Defendant's Exhibits A and B of its Separate Statement of Facts in Support of Defendant's Motion for Summary Judgment, ("DSSOF") contains letters Defendant sent to Plaintiff admitting that Defendant is a debt collector. *See* **CSOF ¶ 106**. Defendant's has sent to Plaintiff said debt collector letters in Defendant Santander Consumer USA, INC.'s First Supplemental Disclosure Statement. See **CSOF ¶ 107**. Defendant claiming to be debt collector and a creditor at the same time presents genuine issues of fact.

**II.  FACTUAL BACKGROUND**

From the time of June 2002 until April 27, 2011, Plaintiff made approximately $134,969.00 of monthly payments for a 2001 Safari Serengeti motor home ("Motorhome")

to Thor Credit Corporation in California. *See* **CSOF ¶ 120**. At no time did Plaintiff EVER receive from Thor Credit Corporation any notification of any assignment of the Contract for the payments for the Motorhome. *See* **CSOF ¶ 121**. In late April of 2011, Defendant sent Plaintiff a first communication letter dated 04/08/2011. *See* **CSOF ¶ 74**. Through said letter, Defendant stated that, "Santander Consumer USA Inc. recently entered into an agreement with GEMB Lending Inc./GE Money Bank to service your retail installment contract or direct note for your recreational vehicle or marine watercraft, (collectively, "Vehicle")." *See* **CSOF ¶ 74**. At no time did Plaintiff ever enter into any agreement with GEMB Lending or with GE Money Bank for the payments for the Motorhome. *See* **CSOF ¶ 122**. At no time did Plaintiff EVER make payments to anyone other than Thor Credit Corporation. *See* **CSOF ¶ 123**. In Defendant's first communication letter, Defendant instructed Plaintiff to direct all monthly payments to Defendant Santander Consumer USA. *See* **CSOF ¶ 74**. In said letter, Defendant neither claimed to be the purchaser of Plaintiff's Contract nor the Assignee of the Contract for the payments for the Motorhome. *See* **CSOF ¶ 74**. In Defendant's said letter, Defendant ADMITTED that said letter is from a debt collector, *See* **CSOF ¶ 74**.

In response to Defendant's first communication letter, Plaintiff sent On May 20, 2011, via a third party, a document styled, "Validation Notice for Claim of Debt", ("Validation Notice"), to Defendant concerning the Contract and the Motorhome. *See* **CSOF ¶ 92**. In the Validation Notice, Plaintiff agreed to make payments for the Motorhome to Defendant providing that Defendant first present to Plaintiff, (in effect), authenticated, court admissible evidence of being the Assignee to the Contract. *See* **CSOF**

¶ 92. According to the Contract, the only rightful party to receive payments for the Motorhome is the Assignee. *See* **CSOF ¶ 124.**

Plaintiff gave Defendant 30 days to present Plaintiff with said evidence. *See* **CSOF ¶ 92.** Through the Validation Notice, Plaintiff informed Defendant that failure to provide Plaintiff with said evidence within 30 days would be agreement on the part of Defendant, including but not limited, to Plaintiff's claims that Defendant is a third-party debt collector, that Defendant is not an assignee to the Contract and that Defendant has no contractual rights in regard to Plaintiff's Contract for the payments for the Motorhome, *See* **CSOF ¶ 92.**

Thirty days did pass and Plaintiff did not receive a response from Defendant to the May 20, 2011 Validation Notice. *See* **CSOF ¶ 125.** On July 2, 2011, Plaintiff sent to Defendant, via a third party, a document styled as, "Notice of Fault and Dishonor-SNTDR Opportunity to Cure" giving Defendant 10 more days to respond to Plaintiff's May 20, 2011 Validation Notice. *See* **CSOF ¶ 93.** The ten days did pass without Defendant responding to Plaintiff's May 20, 2011 Validation Notice. *See* **CSOF ¶ 126.** On July 19, 2011, sixty days after Plaintiff's May 20, 2011 Validation Notice was mailed to Defendant, Defendant sent a reply which only acknowledged receipt of Plaintiff's Validation Notice, *See* **CSOF ¶ 95.** The subject of the Contract or assignment to the Contract was not addressed in Defendant's said reply. *See* **CSOF ¶ 95.** In said reply Defendant incorrectly claimed that Plaintiff's May 20, 2011 Validation Notice was received by Defendant on June 11, 2011. *See* **CSOF ¶ 95.** The United States Postal Service track and confirm records show that Plaintiff's Validation Notice was received by Defendant on May 23, 2011 and not on June 11, 2011 as Defendant claims *See* **CSOF ¶ 96.**

On July 22, 2011, Plaintiff sent Defendant, via a third party, a document styled as, Notice of Default in Dishonor and Consent to Judgment-STDR, ("Default Notice"). *See* **CSOF ¶ 94**. Through the Default Notice, Plaintiff informed Defendant of its agreement to all the facts, claims, statements, laws and conclusions of law stated sworn to by Plaintiff in the Validation Notice. *See* **CSOF ¶ 94**. The Default Notice informed Defendant that estoppel by acquiescence prevailed against Defendant as it concerned the payments for the Motorhome. *See* **CSOF ¶ 94**. Defendant did not cease collection activities against Plaintiff after receiving Plaintiff's Validation Notice. *See* **CSOF ¶ 127**.

On September 1, 2011, Plaintiff filed a complaint against Defendant for violations of 15 U.S.C. § 1692, said complaint is incorporated by reference and is document # 1 on the CM/ECF docket report, ("Docket Report"). On November 1, 2011, Defendant filed an answer to Plaintiff's complaint and a counterclaim for breach of contract against Plaintiff, Said counter-claim is incorporated by reference and is document # 3 on the Docket Report.

Defendant has already ADMITTED to being a debt collector in this matter *See* **CSOF ¶ 100**. Even so, Defendant claims to be the alleged Assignee and creditor in this matter and alleges that Plaintiff is in breach of contract to Defendant for the payments for the Motorhome. *See* **CSOF ¶ 97**. Defendant cannot be both a debt collector and a creditor at the same time. *See* **CSOF ¶ 72**. Defendant has provided no court admissible evidence that the Contract has been purchased at all. See **CSOF ¶ 69**.

Defendant, an ADMITTED debt collector in this matter, has neither presented authenticated evidence of the Contract it claims is breached nor authenticated evidence of assignment of the Contract to this Court or to Plaintiff. *See* **CSOF ¶ ¶ 58-68**.

The affidavit of Wayne Nightingale, Senior Vice President of Santander Consumer USA is attached as Exhibit B to Defendant's DSSOF in support of Defendant's MSJ. *See* **CSOF ¶ 128**. Said affidavit is also used by Defendant to allegedly authenticate alleged copies of the Contract for the payments for the Motorhome. See **CSOF ¶ 128**. Defendant, an ADMITTED debt collector, relies on said Exhibit B to support its allegation that Defendant is a party to Plaintiff's Contract as an Assignee for the payments for the Motorhome. *See* **CSOF ¶ 128**. Attached to said affidavit are a number of photo copies that Nightingale declares to be records possessed by Santander that are kept in the course of regularly conducted business. *See* **CSOF ¶ 128**. The Federal Rules of Evidence, ("FRE") 902(11) requires that in order for copies of records to be admissible as evidence, the records must be accompanied by a written declaration of a person certifying that those records were made at or near the time of the occurrence of the matters set forth by a person with knowledge of those matters. *See* **CSOF ¶ 129**. Nightingale does not certify that the copies of the records were made at or near the time of the occurrence of the matters set forth and neither does Nightingales certify to have personal knowledge of the matter concerning those business records. *See* **CSOF ¶ 61**. Nightingale only states that they are records POSSESSED by Defendant. *See* **CSOF ¶ 61**.

Throughout said affidavit, it is unclear and confusing as to what Nightingale is actually claiming to have personal knowledge of. *See* **CSOF ¶ ¶ 62-65**. Adding to the confusion of said affidavit, Nightingale makes numerous statements about various business activities between a number of entities without EVER referring to any one copy that should be attached to his affidavit to support his many statements. *See* **CSOF ¶ 67**. For example, Nightingale states, "On December 30, 2010 GEMB Lending Inc. and other affiliated

corporations executed a Bill of Sale and Assignment and Assumption Agreements with Santander Consumer USA." *See* **CSOF ¶ 67**. Nightingale makes no reference to any copy attached to his affidavit as evidence of the alleged transaction. *See* **CSOF ¶ 67**. Another example is, "Under the Agreement, GEMB Lending Inc. and other affiliated corporations sold, transferred, assigned and delivered to Santander Consumer USA Inc. all rights and interests secured by the original lender under the terms and conditions of the various retail installment agreements." *See* **CSOF ¶ 67**. Again, Nightingale makes no reference to any copy attached to the affidavit as evidence to support his statements. *See* **CSOF ¶ 67**. Neither did Nightingale declare that any of the copies attached to his affidavit were copied from originals. *See* **CSOF ¶ 61**

In regard to unauthenticated copies attached to an affidavit, in the case of, *United States of America v. M. E.D Dibble U.S. App., 9th Circiut, 429 F.2d 598, 602, 1970, the court has stated,*

> "He did not sign the exhibit, and he states no facts at all from which we could conclude that he could identify the signatures of those who did; he tells us nothing to show how he knows the document to be a correct copy of a genuine contract."

*See* **CSOF 109**.

As it concerns an alleged assignment of the Contract from Deutsche Financial Services to GEMB Lending; Nightingale does not claim to have personal knowledge of assignment of the Contract. *See* **CSOF ¶ 65**. It is only upon the "information and belief" of Wayne Nightingale concerning a business relationship between two corporations that Defendant bases his conclusory statements that the Contract has been allegedly assigned beyond Deutsche Financial Services making its way through a number of other entities and eventually and allegedly, to Defendant Santander USA. *See* **CSOF ¶ 65**.

In the case of State of *Washington et al. v. Maricopa County et al. 143 F.2d 871, 872 (1944) in the 9th Circuit,* the court stated,

"One of the supporting affidavits contained statements made on information and belief. These statements should have been disregarded. Each of the supporting affidavits contained statements of legal conclusions. These, too, should have been disregarded."

See **CSOF ¶ 109**

All of Nightingale's statements and legal conclusions based upon his information and knowledge must be disregarded, including but not limited to his statements about any assignment of Plaintiff's contract. See **CSOF ¶ 109**. The affidavit of Nightingale is in violation of FRE 902(11) and the copies attached to said affidavit in Defendant's Exhibit B of the DSSOF are not authenticated just because the affidavit is signed by Wayne Nightingale, Senior Vice President of Santander Consumer USA. In *the case of, United States of America v. M. E.D Dibble U.S. App., 9th Circiut, 429 F.2d 598, 602, 1970.*

"A writing is not authenticated by simply attaching an affidavit to it even if the writing appears on its face to have originated from some governmental agency and the affiant is a government official."

See **CSOF ¶ 68**

Defendant also relies upon Exhibit A of its DSSOF to support its allegation that Plaintiff is allegedly in breach of Contract. See **CSOF ¶ 110**. Contained in said exhibit A are the same unauthenticated copies of records POSSESSED BY Santander Consumer USA accompanied by same the faulty affidavit of Nightingale. See **CSOF ¶ 111**. Interspersed in other parts of Defendant's said exhibit A are copies of other documents that are not self-authenticating under FRE 902(11) and therefore are hearsay under FRE 802. See **CSOF ¶ 112**.

Plaintiff questions the authenticity of all copies of the alleged Contract contained in both Exhibits A and B of Defendant's DSSOF. *See* **CSOF ¶ 113**. Plaintiff questions the authenticity the all copies of an alleged assignment contained in both Exhibits A and B of Defendant's DSSOF. *See* **CSOF ¶ 114**. Plaintiff questions the authenticity of the copies of all the alleged motor vehicle title to the Motorhome contained in both Exhibits A and B of Defendant's DSSOF. *See* **CSOF ¶ 115**. Plaintiff questions the authenticity of certain copies contained in Defendant's Exhibit A of Defendant's DSSOF. *See* **CSOF ¶ 112**. According to the Federal Rules of Evidence, ("FRE") Rule 1002, to prove the content of a writing, the original writing is required. *See* **CSOF ¶ 139**. Overall, Defendant's Motion for Summary Judgment, ("MSJ") is in violation of FRCP 56(c)(4) in that Defendant's MSJ supported by an affidavit that is not made on personal knowledge on the matters set forth in this case, did not set forth facts that would be admissible in evidence and did not show that Nightingale is competent to testify. *See* **CSOF ¶ 61-65**.

Thus far, Plaintiff is the only party before this Court that can and does present an authenticated copy of the Contract. *See* **CSOF ¶ 130**. Plaintiff's copy of the Contract does not have an assignee listed. *See* **CSOF ¶ 53**. Defendant's Counter-claim for breach of contract is predicated ENTIRELY upon Defendant's INFORMATION and BELIEF that the Contract has been allegedly assigned to Defendant. *See* **CSOF ¶ 65-67.**

In regard to debt collection activities of Defendant, an ADMITTED debt collector; Defendant claims that Plaintiff did not contact Defendant within thirty days regarding the validity of the alleged debt. *See* **CSOF ¶ 116**. Defendant's first communication letter dated 04/08/11 arrived for Plaintiff at the main Post Office in Tucson Arizona on April 23, 2011. *See* **CSOF ¶ ¶ 74-87**. There is a consistent pattern of a nine to fifteen day gap of time

between the printed date of Defendant's letters and the date that Defendant's letters are actually sent out in the mail by Defendant to Plaintiff. *See* **CSOF ¶ ¶ 73-90**. 'Plaintiff's reply to Defendant's first communication letter concerning the validity of the alleged debt was sent on May 20, 2011, twenty-seven days after the Defendant's first communication letter was postmarked by postal workers at the main United States Post Office in Tucson Arizona. *See* **CSOF ¶ 140**. Defendant, in violation of 15 U.S.C. § 1692g (b), did not cease collection activities against Plaintiff after receiving Plaintiff's Validation Notice concerning the validity of the alleged debt *See* **CSOF ¶ 131**. Without a court order, Defendant attempted to illegally take possession of Plaintiff's Motorhome. *See* **CSOF ¶ 132**.

Defendant claims that Plaintiff has refused to provide any responses or to object to Defendant's discovery requests. *See* **CSOF ¶ 141**. Due to circumstances beyond the control of Plaintiff, it was impossible until very recently, for Plaintiff to respond or object to Defendant's Discovery Requests. *See* **CSOF ¶ 98**. Plaintiff's inability to respond or object to Defendant's discovery requests is not agreement to all of Defendant's claims, *See* **CSOF ¶ 133**. Presently and for the time being, Plaintiff has help with the care his elderly father, which has allowed for the recent filings by Plaintiff. *See* **CSOF ¶ 142**. Despite the fact that the time for discovery has closed, Plaintiff has recently mailed part of Defendant's discovery requests, including but not limited to, Request for Admissions to Defendant's Counsel. *See* **CSOF ¶ 134**.

### III. OBJECTIONS.

Pursuant to FRCP 56(c)(2), LRCiv. 7.2(m)(2), Plaintiff puts forward the following objections. Plaintiff **OBJECTS** to Defendant's MSJ on the grounds that Defendant's MSJ

is in violation of FRCP 56(c)(4) in that said affidavit is not made upon personal knowledge of affiant and does not set out facts that would be admissible in evidence and does not show that the affiant or declarant is competent to testify and does not certify that the records were made at or near the time of occurrence of the matters set forth. See **CSOF ¶¶ 61-66**. Plaintiff **OBJECTS** to Exhibit B of Defendant's DSSOF on the grounds that the materials cited by Defendant in said Exhibit B are not presented in a form that is admissible in evidence. See **CSOF ¶¶ 59-68.**

Plaintiff **OBJECTS** to all copies of the alleged contract, (See **CSOF ¶ 113**), all copies of the alleged assignment, (See **CSOF ¶ 114**), all copies of the motor vehicle title, (See **CSOF ¶ 115**,) contained in Exhibits A and B of Defendant's DSSOF, grounds that the materials cited by Defendant in said Exhibit B are not presented in a form that is admissible in evidence. See **CSOF ¶¶ 59-68**. Plaintiff **OBJECTS** Daniel Fricano's Affidavit of Facts in Exhibit A of Defendant's DSSOF on the grounds that said affidavit is not presented in a form that is admissible in evidence. See **CSOF ¶ 118**.

Plaintiff **OBJECTS** to certain other copies contained in Defendant's Exhibit A of Defendant's DSSOF on the grounds that said other copies are not presented in a form that is admissible in evidence. See **CSOF ¶ 112**. Pursuant to FRCP 43, the testimony of witnesses must be taken in open court. See **CSOF ¶ 135**. The affidavit of Wayne Nightingale must not be relied upon as testimony for a motion for summary judgment as Plaintiff has demonstrated that said affidavit is faulty and defective. In the case of, *United States of America v. M. E.D Dibble U.S. App., 9th Circiut, 429 F.2d 598, 602, 1970, the court has stated,*

"Testimony presented by affidavit is different from testimony orally delivered, because the affiant is not subject to cross-examination. But that fact leads to greater, not lesser, strictures imposed on the testimony presented by affidavit."

See **CSOF ¶ 143**.

### III. CONCLUSION

Plaintiff and Defendant have presented genuine issues of facts that Defendant is an admitted debt collector in this matter and subject to provisions of 15 U.S.C. § 1692, that Defendant has violated provisions of 15 U.S.C. § 1692 and that Plaintiff is not in breach of any contract between Plaintiff and Defendant for the monthly payments for the Motorhome. Defendant's MSJ relies exclusively on the faulty and defective affidavit of Wayne Nightingale. Plaintiff has demonstrated that Nightingale does not have personal knowledge of Plaintiff's Contract or of the matters at issue here in this case. Plaintiff has demonstrated that all of Nightingale claims concerning Defendant's alleged interest in the Contract and payments for the Motorhome are conclusory statements and legal conclusions not based upon facts. FRCP 56(c)(4) requires that a motion for summary judgment be supported by an affidavit of a person who has personal knowledge and Defendant's MSJ is lacking such knowledge. Defendant's MSJ is not well founded and should be denied. Defendant has submitted the affidavit of Wayne Nightingale in bad faith and this Court should order the Defendant to pay Plaintiff the costs associated with controverting the testimony of said affidavit.

From the very beginning of this case and before that time, the issue of the Contract and assignments to the Contract has been the center and forefront of Plaintiff's complaint against Defendant. From the very beginning of this case and before that time, Defendant has consistently failed in providing to the Court and to Plaintiff any authenticated proof of

a nexus between Plaintiff and Defendant to support its frivolous counter-claim for breach of contract. Defendant, never having said proof from the beginning of this case and never being able to provide said proof, has wasted the valuable time and resources of the Court and Plaintiff. Defendant, an admitted debt collector in this matter, should be sanctioned for complicating a simple case of Fair Debt Collection Procedure Act violations into the excruciatingly burdensome case it has become. Defendant should be ordered to pay Plaintiff for the costs associated with the defending against Defendant's bogus and abusive counter-claim for breach of contract

In the interest of justice and due process under the law, Plaintiff's complaint must not be dismissed with prejudice and Defendant's Counter-claim for Breach of Contract must be denied as Plaintiff must be allowed to present evidence to the Court and cross examine all witnesses Defendant has named.

_AUGUST 8, 2012_
Date

_Virgil K. Stimer_
Virgil K Stimer
Authorized Signatory for
VIRGIL K STIMER
General Delivery
Jackson, Michigan  40201
520 609 3132

## Certificate of Service

I, Virgil K Stimer, certify that on August ___8___, 2012, I sent by United States Postal Service, prepaid first class mail, the attached documents upon the counsel:

Michael Ponzo
Quintairios, Prieto, Wood & Boyer, P.A.
2398 E. Camelback Road, Suite 760
Phoenix, Arizona 85016

For the Defendant Santander Consumer USA.

AUGUST 8, 2012
Date

_____
Virgil K Stimer
Authorized Signatory for
VIRGIL K STIMER
General Delivery
Jackson, Michigan  40201
520 609 3132